**George L. BOWMAN, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 79–271.

District of Columbia Court of Appeals.

Argued Jan. 22, 1980.
Decided Feb. 15, 1980.

W. Gary Kohlman and Silas J. Wasser-strom, Public Defender Service, Washington, D. C., on brief, for appellant.

Paul L. Knight, Asst. U. S. Atty., Washington, D. C., with whom Carl S. Rauh, U. S. Atty., Washington, D. C., at the time the brief was filed, and John A. Terry and Noel Anketell Kramer, Asst. U. S. Attys., were on brief, Peter E. George, Asst. U. S. Atty., Washington, D. C., for appellee.

Before GALLAGHER, MACK and FER-REN, Associate Judges.

PER CURIAM:

In this interlocutory appeal we are asked to review the ruling of the trial court, that unless appellant revealed, pretrial, the nature of his anticipated defense, an affirmative defense could be presented only through appellant's own testimony. Because we have concluded that the trial judge exceeded his authority in ordering defense disclosure under pain of sanction, we need not decide whether an interlocutory appeal would be appropriate here. We accept the appellant's alternative argument and treat this action as one brought in the nature of a petition for mandamus and deny the government's motion to dismiss for lack of jurisdiction.

On December 20, 1978, appellant was arraigned on an indictment charging robbery. On February 21, 1979 at a status hearing, the court asked defense counsel what would

be "the general nature of the defense."[1] The court inquired whether the defense would be alibi,[2] or, an affirmative defense and, if so, what affirmative defense. Counsel declined to disclose what defense would be raised, but, at the request of the court, stated the number of defense witnesses, estimated the approximate length of the trial and informed the court that there would be no insanity defense. The court ruled that in view of counsel's refusal to reveal the nature of the defense, the court would not permit the defense to present either an alibi or any affirmative defense, except through the testimony of the appellant himself.[3] The case was continued until the propriety of the court's order was resolved and this appeal followed.

■ In deciding to review this matter on appellant's alternative basis—as a request for a writ of mandamus—we are mindful that this type of writ is to be used sparingly in pretrial criminal cases, *United States v. Allen*, 133 U.S.App.D.C. 84, 85, 408 F.2d 1287, 1288 (1969), and that its primary use is "to confine [a] . . . court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943). In view of the importance of the challenged practice to the lawful administration of the discovery process, (*see, e. g., Middleton v. United States*, D.C.App., 401 A.2d 109 (1979)) we choose to invoke our jurisdiction.

■ Statutes,[4] judicial decisions[5] and the rules of the Superior Court provide the source of a trial judge's authority to compel defense discovery in criminal cases. As to statutes or judicial opinions we have found

none, nor has the government cited any, which hold that a trial court has the power to compel the defendant to divulge his defense before trial. Looking to the Superior Court rules, they expressly authorize pretrial disclosure of defense matters in only two instances: (1) upon request of the government, the accused must give notice of an intent to use an alibi defense, Super.Ct.Cr.R. 12.1 and (2) the accused must inform the government of an intent to raise an insanity defense, D.C.Code 1973, § 24–301(j); Super.Ct.Cr.R. 12.2. In the instant case, the trial judge's order was outside the scope of express authority.

■ The government contends the trial court's action here was proper pursuant to its "inherent powers" to regulate pretrial disclosures—citing Super.Ct.Cr.R. 17.1 and 57(b). These rules, however, give absolutely no support to the government's position. The rules are designed to provide procedural forums or leeway to lighten ministerial burdens and expedite trial. *See, e. g., Springer v. United States*, D.C.App., 388 A.2d 846 (1978). In no way are they intended to "authorize" unauthorized discovery.

■ We conclude that the trial court's action amounted to an usurpation of power and that a writ of mandamus may properly lie against the order compelling defense disclosure under the threatened sanction of limiting defense testimony. *Cf. United States v. Moultrie*, D.C.App., 340 A.2d 828 (1975).

The government's motion to dismiss is denied. Since we have reason to believe that the trial judge will vacate the challenged order without the pressure of a writ of mandamus, we refrain from issuing such

---

1. The court explained:
   Now, I am not asking you to disclose the particulars with respect to your defense, only in regard to general issues. For example, misidentification or general denial that would suffice. If there's an alibi defense, then all that the Court wishes is to know that alibi will be involved. I don't want to know who the witnesses are, where they are going to testify the defendant was. I merely want to know the general range of issues.

2. The government at no time made a formal alibi demand pursuant to Super.Ct.Cr.R. 12.1.

3. The court permitted defense counsel to give an *ex parte* proffer of the anticipated defense to preserve the record for appeal.

4. *See* the "Jencks" Act, 18 U.S.C. § 3500 *et seq.* (1970).

5. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny.

process. The Clerk will, in lieu thereof, transmit a certified copy of this opinion to the trial judge.