Justice White,
dissenting.
The issue here is when mandamus relief will be available to a party who claims that the District Court wrongly deprived him of the right to a jury trial. Petitioner is a shareholder in a mutual fund and brought a derivative suit against the two companies that administer the fund, alleging breach of fiduciary duty under § 36(b) of the Investment Company Act of 1940, 15 U. S. C. § 80a-35(b). The District Court granted defendants’ motion to strike petitioner’s demand for a jury trial on this claim, and petitioner sought mandamus from the Court of Appeals to compel the District Court to honor his demand for a jury trial. The Seventh Circuit denied relief in an order (No. 87-1455, Apr. 13, 1987), citing its prior decision in First National Bank of Waukesha v. Warren, 796 F. 2d 999 (1986).
In Warren, the Seventh Circuit held that mandamus will lie to enforce a party’s demand for a jury trial only when, first, the party’s right to a jury trial is clear and indisputable and, second, the party has no other adequate means to attain the relief he desires. Id., at 1006. The second point is especially critical because it will prevent interlocutory review of many requests for a writ of mandamus to direct the granting of a jury trial, as in many cases the petitioning party can seek this same relief on appeal from the ultimate resolution of the case in the trial court. This decision conflicts with the decisions of other Courts of Appeals, which hold that mandamus relief is available to review an order denying a claimed right of trial by jury, and that a proper petition *940 for mandamus in these circumstances obliges the Court of Appeals to address the merits of the claimed right to a jury trial. In re Union Nacional de Trabajadores, 502 F. 2d 113, 115-116 (CA1 1974), vacated on other grounds, 527 F. 2d 602 (1975); Lee Pharmaceuticals v. Mishler, 526 F. 2d 1115, 1116-1117 (CA2 1975) (per curiam); Eldredge v. Gourley, 505 F. 2d 769, 770 (CA3 1974); General Tire & Rubber Co. v. Watkins, 331 F. 2d 192, 194 (CA4), cert. denied, 377 U. S. 952 (1964); Black v. Boyd, 248 F. 2d 156, 159-161 (CA6 1957); In re Vorpahl, 695 F. 2d 318, 319 (CA8 1982); Owens-Illinois, Inc. v. United States District Court, 698 F. 2d 967, 969 (CA9 1983); In re Zweibon, 184 U. S. App. D. C. 167, 170-171, 565 F. 2d 742, 745-746 (1977) (per curiam). It may also be inconsistent with this Court’s prior decisions in Beacon Theatres, Inc. v. Westover, 359 U. S. 500 (1959), and Dairy Queen, Inc. v. Wood, 369 U. S. 469 (1962), which emphasize the responsibility of the Courts of Appeals to grant mandamus relief where it is necessary to protect the constitutional right to trial by jury. I would grant certiorari to resolve the split among the Circuits on this issue.