John K. AURELL, et al., Appellants,

v.

Allen S. FURST, et al., Appellees.

Nos. 87-1454, 87-1455.

District of Columbia Court of Appeals.

March 18, 1988.

Before NEWMAN, BELSON and STEADMAN, Associate Judges.

### ORDER

PER CURIAM.

Appellants have filed an interlocutory appeal from the order of the trial court denying their motion to dismiss the complaint on the ground of forum non conveniens. *Frost v. People's Drug Store, Inc.*, 327 A.2d 810 (D.C. 1974). They now seek a stay of any further proceedings in the trial court.

The filing of the appeal did not automatically deprive the trial court of all jurisdiction to act with respect to further pretrial proceedings. *See Carter v. Cathedral Ave. Co-op., Inc.*, 532 A.2d 681, 684 n. 7 (1987) ("the line that marks the division between what the trial court may and may not do [while appeals are pending] ... is subject to a common-sense flexibility in application"); 15, C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3911 at 497 (1976) ("there is no reason to treat [a collateral order appeal] as transferring the entire litigation to the court of appeals"). Thus, so long as the underlying considerations of the forum non conveniens doctrine are not unduly impinged, *see, e.g., Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507-08, 67 S.Ct. 839, 842-43, 91 L.Ed. 1055 (1947); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 84 (1971), pretrial activity may continue. Here, the trial court observed in its order that potential witnesses would likely be deposed at their places of residence and that there would be little difference in the preparation of the case whether tried in the District of Columbia or in Florida. The appellants in this case are members of a large law firm with offices both in Florida and the District of Columbia, and they are represented by another large firm with offices in a dozen or so jurisdictions, including both the District of Columbia and Florida. In the Status Conference Memorandum and Order of January 30, 1987, the trial court observed that a continuing assertion of jurisdiction is appropriate with regard to the matters covered therein, "inasmuch as their resolution is necessary to avoid confusion and the waste of time, and to provide for the efficient processing of this case in this court in the event the court's jurisdiction to proceed is confirmed." On the record before us, we do not perceive circumstances whereby irreparable injury is being inflicted upon appellants by the requirement that pretrial activity continue the case here, or that such efforts are needlessly duplicative of or nontransferable to any proceedings in Florida. Neither party has moved for summary disposition under D.C.App. Rule 27(g). Appellants advise us that proceedings in the Florida action are presently stayed. In light of the foregoing, and without prejudice to a renewal of the motion for a stay in the event of changed circumstances, it is

ORDERED that the motion for a stay is granted to the extent that no trial in the instant action shall take place without further order of this court; in all other respects, the motion is denied.