**Emmett J. STEBBINS, Appellant,**

v.

**Charles STEBBINS, et al., Appellees.**

**No. 93–CV–129.**

District of Columbia Court of Appeals.

Argued Jan. 10, 1995.
Decided March 5, 1996.

Emmett J. Stebbins, pro se.

Ronald F. Mitchell, Seattle, WA, for appellees.

Before STEADMAN and RUIZ, Associate Judges, and MACK, Senior Judge.

RUIZ, Associate Judge:

These are apparently three actions, one from the Civil Actions Branch, one from the Landlord & Tenant Branch and one from the Probate Division, that were consolidated for trial.[1] After the trial court ruled that appellant Emmett Stebbins was not entitled to a jury trial, he filed a petition for a writ of mandamus from this court. While the petition was pending, appellant did not appear on the date in which he knew the bench trial had been set. At that time, the trial court

dismissed the case with prejudice for failure to prosecute. Appellant now appeals the dismissal, contending that the trial court did not have jurisdiction to proceed while his petition for mandamus was pending in this court. Because we hold that the trial court had power to act as it did, and did not abuse its discretion, we affirm.

I.

■ In their civil complaint, appellant and Clarkie Stebbins[2] named as defendants appellees Charles[3] and Rita Stebbins, their grandson William P. Lee and an attorney, Lawrence E. Smith. The complaint asserts that in 1960, as a result of a "domestic dispute," appellant and Clarkie Stebbins deeded their property at 1612 Kearny Street, Northeast to Charles Stebbins "for management purposes only." The complaint alleged that the deed was void because Charles Stebbins had used an attorney as a notary on the acknowledgment, that no consideration was paid, and that it had not been signed before the purported witnesses. The plaintiffs further contended that Rita Stebbins had improperly procured a power of attorney from Charles Stebbins and used it to convey the property to William Lee. The plaintiffs demanded as relief a decree for the conveyance of legal title to them and a judgment for punitive damages.

On the day set for trial, the court announced that there was to be a non-jury trial. Appellant objected arguing that the complaint had demanded a jury trial. In response, the court set a briefing schedule on the issue of appellant's right to a jury trial. After receiving briefs, the court ruled that there was no right to a jury trial in this case. Appellant requested permission for an inter-

---

1. The record in this case is sparse. The only pleading in the record is the civil complaint. In other papers in the record, captions indicate that there was a landlord-tenant action for possession and a probate case that had been consolidated with the civil action.

2. Emmett Stebbins filed an appeal in this case pro se, but named both himself and Clarkie Stebbins as appellants. Clarkie Stebbins did not sign the notice of appeal, as required by Rule 3(a). The relationship between Emmett Stebbins and Clarkie Stebbins is not apparent from the record.

They each signed the civil complaint, giving different residential addresses. Because Emmett Stebbins does not appear to be an attorney, we conclude that he cannot represent Clarkie Stebbins; hence, Emmett Stebbins is the only appellant.

3. The docket sheet reflects a suggestion that Charles Stebbins had died a few days before the civil action was commenced. The record suggests that the civil action proceeded against his estate, which was represented by counsel for the other defendants.

locutory appeal, which was denied. The parties agreed to a trial date of January 4, 1993.

Eleven days before the new trial date, appellant filed with this court a "Petition for Writ of Prohibition and/or Writ of Mandamus" requesting this court to direct the trial court to afford him a trial by jury on his claims.

On January 4, 1993, the date set for trial with the parties' agreement, appellant took the position that the pendency of his petition before this court divested the Superior Court of jurisdiction. The trial court stated that it would take the remainder of the day to determine the merit of that contention. The court also informed the parties that its "initial inclination" was that because appellant would have an adequate remedy on direct appeal, the petition for mandamus did not divest the trial court of jurisdiction. The court therefore specifically directed the parties to be prepared to go to trial on January 6 at 10:00 a.m.[4]

On January 6, neither appellant nor Clarkie Stebbins appeared for trial. At 10:09 a.m. the deputy clerk paged appellant and Clarkie Stebbins and called appellant's home, but there was no answer. At 10:57, the court convened. Counsel for appellees represented that he had seen appellant at the courthouse the previous day and that appellant had given to him a paper styled, "Notice to the Court," which stated appellant's position that the court had been divested of jurisdiction by the filing of the petition for mandamus. After making the foregoing representation, counsel moved to dismiss for want of

prosecution. The court granted the motion, stating that "it will be with prejudice, as it appears that his actions were deliberate."

On February 3, 1993 a motions division of this court summarily denied appellant's petition for writ of prohibition or writ of mandamus. *Emmett J. Stebbins v. Robert A. Shuker,* 92–SP–1521 (D.C. Feb. 3, 1993). The following day appellant filed a notice of appeal from the January 6 dismissal.

## II.

■ We review two issues[5]: (1) whether the trial court had jurisdiction to hear and dismiss the case during the pendency of his petition for mandamus; and, if so, (2) whether the trial court abused its discretion in dismissing the action with prejudice for failure to prosecute. We address each in turn.

### A.

### Jurisdiction of Trial Court During Pendency of Petition for Mandamus

■ Appellant's principal argument is that his request for an extraordinary writ from this court deprived the trial court of jurisdiction to proceed during the pendency of his request. He reasons that the filing of a notice of appeal deprives the trial court of jurisdiction, citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982), and that proceedings on a petition for an extraordinary writ are in the nature of appellate review, citing *Ex parte Crane,* 30 U.S. (5

---

4. Initially, the court had stated that the trial, if any, would be the following day, January 5. After appellant stated that he had a conflicting obligation, the court set the trial for January 6.

5. Because we conclude that the trial court had jurisdiction and did not err in dismissing plaintiffs' claim, we need not address whether the right to a jury trial attached to any claim in the action. We are prevented from reaching the merits for another reason as well: Appellant has failed to provide a sufficient record for review. *See Cobb v. Standard Drug Co.,* 453 A.2d 110, 111–12 (D.C.1982). Because the record of this appeal contains only one of plaintiffs' complaints and none of defendants' responsive pleadings, we cannot ascertain whether the issues to be tried were of a legal or equitable nature. *See* 9

CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2304 (2d ed.1995) (noting that whether a case involves a claim as to which the Seventh Amendment preserves the right to a trial by jury is to be determined by an examination of the pleadings); *see also Johnson v. Fairfax Village Condominium IV Unit Owners Ass'n,* 641 A.2d 495, 506 (D.C.1994) (looking to pleadings to determine whether legal claims requiring trial by jury had been presented).

Similarly, appellant's claim that plaintiffs should have been granted default judgment must fail for want of an adequate record. The record does not contain any motion for a default judgment, nor does the docket contain an entry indicating that plaintiffs made any such motion in the trial court.

Pet.) 190, 193, 8 L.Ed. 92 (1831).[6] We disagree with both contentions and hold that the pendency of the mandamus petition before this court did not preclude the trial court from proceeding with the case. In determining whether a trial court has jurisdiction to take action after the filing of an appeal or a petition for mandamus, the issue is whether it is judicially efficient for the trial court to take a particular action in the face of the particular matter pending before the appellate court. In this case, we hold that it was appropriate for the court to act.

We recognize that the courts of this jurisdiction have often stated in general terms that an act of the trial court taken during the pendency of appellate review of the matter is void because the trial court lacked jurisdiction. *See Abrams v. Abrams*, 245 A.2d 843, 844–45 (D.C.1968) (reversing grant of new trial where trial court acted after the opinion and judgment of the appellate court had been issued but before the trial court had received the mandate); *Morfessis v. Hollywood Credit Clothing Co.*, 163 A.2d 825, 827 (D.C.1960) (reversing grant of new trial where losing party had already noted an appeal); *Potts v. Catterton*, 82 A.2d 133, 134 (D.C.1951) (affirming trial court's denial of motion for relief from judgment made during pendency of appeal on the ground that the trial court had no jurisdiction to grant the motion); *Maltby v. Thompson*, 55 A.2d 142–43 (D.C.1947) (holding that grant of new trial by trial court after appeal had been noted was ineffective); *Lasier v. Lasier*, 47 App.D.C. 80 (1917) (reversing trial court's order correcting clerical mistake in decree where appeal had previously been perfected); *see also Pyramid Nat'l Van Lines v. Goetze*, 66 A.2d 693, 694

(D.C.1949) ("When the mandate of an appellate court is filed in the lower court, that court reacquires the jurisdiction which it lost by the taking of the appeal."); *Smith v. Pollin*, 90 U.S.App.D.C. 178, 180, 194 F.2d 349, 350 (1952) ("It is clear that the District Court could not grant a motion for a new trial in a case which is pending in this court upon appeal. Jurisdiction of the case is in this court while the appeal is pending.").

■■■ These cases, however, do not stand for the proposition that the trial court loses all power to act in a case whenever an appeal is filed from any aspect of the case. What the cases do is apportion the proper scope of action of the trial court vis—vis the matter pending in the appeal court. As we have observed,

[w]hile the line that marks the division between what the trial court may and may not do is usually cast in terms of "lack of jurisdiction," the doctrine is judge-made, designed to avoid the confusion and waste of time that might flow from having two courts deal with a single case at the same time. Hence, it is subject to a common-sense flexibility in application.

*Carter v. Cathedral Ave. Coop.*, 532 A.2d 681, 684 n. 7 (D.C.1987).

■■■ The term "jurisdiction" traditionally has been used to refer to the types of disputes, as defined by the legislature or constitution, for which a court is created, and usually is applied at the outset of a case to determine a court's competence to hear a matter. The "jurisdiction" of a trial court following an appeal, on the other hand, is circumscribed by decisional law in order to

---

6. *Ex parte Crane* is inapposite. In *Ex parte Crane*, Chief Justice Marshall, speaking for the Court, said, "A mandamus to an officer is held to be the exercise of original jurisdiction; but a mandamus to an inferior court of the United States, is in the nature of appellate jurisdiction." 30 U.S. (5 Pet.) at 193. The distinction was drawn because, under the Constitution, as construed in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), the Supreme Court does not have original jurisdiction to issue the writ in an action between an ordinary litigant and a federal judge; only by construing issuance of the writ as an exercise of appellate jurisdiction was the Court able to justify its consideration of the case on the merits. *See Ex parte Republic of*

*Peru*, 318 U.S. 578, 582, 63 S.Ct. 793, 796, 87 L.Ed. 1014 (1943) (holding that Court's statutory authority to issue writs constitutionally limited to writs in aid of appellate jurisdiction); *cf. Ex parte Crane, supra*, 30 U.S. (5 Pet.) at 200 (Baldwin, J., dissenting) (disputing the Court's constitutional authority to issue writs of mandamus against lower court judges). Because we do not face a similar question of our authority to issue the writ, *see infra* note 7, the discussion in *Ex parte Crane* has nothing to do with the question in the present case: whether a petition for an extraordinary writ should automatically oust the court against which the writ is sought of authority to proceed in the matter.

avoid confusion and waste of time stemming from parallel proceedings concerning the same matter. The latter is a matter of scope, not competence.

The rule against trial court action affecting matters on appeal is grounded not in metaphysical notions regarding transfer of power, but on practical considerations concerning efficient judicial administration. It is clear, for example, that "a party may seek disposition in the trial court of *other* matters which do not result in revocation or alteration of the judgment on appeal." *Padgett v. Padgett,* 478 A.2d 1098, 1100 (D.C. 1984) (per curiam) (emphasis added). Hence, a trial court may award attorney fees to a prevailing party even though the underlying order is on appeal. *Id.* A trial court may proceed with pretrial discovery while an interlocutory appeal is pending from denial of a motion for *forum non conveniens. Aurell v. Furst,* 539 A.2d 1081 (D.C.1988). A trial court also may proceed with a motion for recusal, conventional reviews and modification of a conditional custody order to take into account new circumstances while the order is pending interlocutory appeal. *In re S.C.M.,* 653 A.2d 398, 403 (D.C.1995). The trial court may order that a fund be disbursed to one party, even though its denial of another party's motion seeking the same fund is pending on appeal. *De Foe v. Weaver Bros.,* 108 A.2d 94, 95 (D.C.1954). A trial court may also act to enforce an unstayed order, although the order has been appealed. *Floyd v. Leftwich,* 456 A.2d 1241, 1243 (D.C. 1983); *Quarles v. Quarles,* 353 A.2d 285, 288 (D.C.1976); *see also Taylor v. First Am. Title Co.,* 477 A.2d 227, 230 (D.C.1984) (holding that trial court may strike pleadings of tenant who fails to pay protective order, even while the protective order is on appeal, unless the tenant obtains a stay); *Goldsborough*

*v. Marshall,* 100 U.S.App.D.C. 134, 138, 243 F.2d 240, 242 (1957) (rejecting ousted administrator's assertion that trial court could not appoint new administrator for the estate during pendency of his appeal of the ouster, where substitute administrator named in order appealed from had refused appointment); *cf. Goldsmith v. Valentine,* 35 App.D.C. 299 (1910) (holding that trial court lacked jurisdiction to transfer custody of child to prevailing party after opposing party had perfected appeal by executing satisfactory supersedeas bond).

We apply the same practical considerations used in cases involving appeals to the petition for mandamus in the instant case. We turn first to an examination of the nature of the extraordinary writs and whether a petition for mandamus directed to the trial court should operate as a stay of further proceedings in the trial court in order to allow effective appellate consideration of the petition. In *Morrow v. District of Columbia,* 135 U.S.App.D.C. 160, 166–67, 417 F.2d 728, 734–35 (1969), the court held that this court has both inherent and statutory authority to issue the writs.[7] The court also attempted to set out the considerations involved in whether an extraordinary writ should issue [8]:

[T]he issuance of the writ is a matter of sound discretion. The governing principles are equitable, even though the writ of mandamus technically issues at law. The appellate court issues the writ in two classic situations: where the lower court has acted without jurisdiction or power, or where the lower court has clearly abused its discretion.

The writs are extraordinary remedies which are not to become mere substitutes for appeal. However, the writs can be issued where an appeal would ultimately lie, as well as where the action of the lower

---

**7.** Our statutory authority to issue extraordinary writs comes from the All Writs Statute, 28 U.S.C. § 1651(a) (1988), which provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

**8.** The court prefaced its discourse with the remark,

It can fairly be said, however, that the course the [Supreme] Court has charted over the century and a half has not demonstrated the kind of precision or specificity which would make issuance of the writs a mechanical exercise. Rather than attempt to codify the many considerations into a set of unwieldy rules, we simply set out some of them....

*Morrow, supra,* 135 U.S.App.D.C. at 168, 417 F.2d at 736.

court would frustrate the appeal or would diminish the appellate jurisdiction already obtained. Among the factors to be considered are whether the matter is of "public importance"; whether the policy against piecemeal appeals would be frustrated; whether there has been a willful disregard of legislative policy or of the rules of a higher court; and whether refusal to issue the writ may work a serious hardship on the parties. The clearer the lower court's lack of jurisdiction the more appropriate will be the writs' issuance, but the writs will issue where the question of jurisdiction is undecided.

*Id.* at 168–69, 417 F.2d at 736–37 (footnote and citations omitted).

■ We have in subsequent cases used shorthand phrases to emphasize the demanding standards required in order for a writ of mandamus to issue. "[T]he party seeking it must show that its right to the issuance of the writ is 'clear and indisputable.' " *United States v. Braman,* 327 A.2d 530 (D.C.1974), *cert. denied,* 423 U.S. 1032, 96 S.Ct. 562, 46 L.Ed.2d 405 (1975) (quoting *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967)). "[I]ts primary use is 'to confine [a] court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' " *Bowman v. United States,* 412 A.2d 10, 12 (D.C.1980) (quoting *Roche v. Evaporated Milk Ass'n.,* 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943)). A writ of mandamus is an extraordinary writ and should only be issued in "exceptional circumstances amounting to a judicial usurpation of power." *Yeager v. Greene,* 502 A.2d 980, 983 (D.C.1985) (quoting *Will v. United States, supra* ) (internal quotations omitted).

■ A writ is not a substitute for appeal and will not issue where adequate appellate review is available. *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953). Because it is not a substitute for appeal, where special circumstances so warrant, an extraordinary writ may be appropriate to review an interlocutory order that ordinarily is not appealable. "[T]he problem for the appellate court is to balance the sound policy behind the general

rule of finality against the claim in the individual case that justice demands an immediate review." 9 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 110.26, at 318 (2d ed. 1995). In regard to review of otherwise non-appealable interlocutory orders, discretionary review by means of extraordinary writ on the basis of the demands of an individual case is said to be preferable to enlarging by judicial interpretation the categories provided in jurisdictional statutes. *Id.* at 319. Once again, the discretionary nature of the writs is emphasized; blanket rules are inappropriate.

■ The exercise of judicial restraint in granting a writ is particularly appropriate where the question in issue is the right to jury trial. In the typical case, a party denied his right to a jury trial suffers no especially great hardship—certainly none greater than any of the myriad other errors that may prejudice a party during trial court proceedings. Should the party seeking a jury not prevail on the merits of his claim or defense—by no means a given—a direct appeal from the resulting judgment and a new trial, if there were error in denying the jury, will suffice. The policy against piecemeal review would ordinarily counsel against reviewing by means of an extraordinary writ trial court actions that deny a party an asserted right to a jury trial. By waiting until after final judgment, the need for review may be entirely avoided or, if not, then consideration of other alleged trial errors may be joined with the jury issue, resulting in greater efficiency in appellate review. There could, of course, be peculiar circumstances in which use of an extraordinary writ to preserve the right to trial by jury may be appropriate. *Cf. Mike's Mfg. Co. v. Zimzoris,* 66 A.2d 414 (D.C.1949) (issuing writ reinstating judgment after trial court erroneously ordered new trial, where petitioner would otherwise have been permanently deprived of a lien against the proceeds of a sale of defendant's land).

We are aware that a line of older Supreme Court cases has held that a writ of mandamus will issue to preserve the right to a civil jury trial. *See Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 472, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962); *Beacon Theatres Inc. v.*

*Westover,* 359 U.S. 500, 511, 79 S.Ct. 948, 957, 3 L.Ed.2d 988 (1959); *Ex parte Peterson,* 253 U.S. 300, 305–06, 40 S.Ct. 543, 544–45, 64 L.Ed. 919 (1920); *Ex parte Simons,* 247 U.S. 231, 239–40, 38 S.Ct. 497, 497–98, 62 L.Ed. 1094 (1918); *see also Filmon Process Corp. v. Sirica,* 126 U.S.App.D.C. 395, 396–97, 379 F.2d 449, 450 (1967) ("Although recent Supreme Court decisions do not speak explicitly to this point, it is a fair inference that even on an application for an extraordinary writ for pretrial relief the Supreme Court expects the courts of appeals to make a determination whether or not there is a right of trial by jury. . . .").

■■■ We note that in *First National Bank of Waukesha v. Warren,* 796 F.2d 999 (7th Cir.1986), the United States Court of Appeals for the Seventh Circuit held that more recent Supreme Court decisions involving mandamus have undermined *Dairy Queen* and *Beacon Theatres.*[9] In light of that authority, according to the Seventh Circuit, a party may obtain review of the denial of a jury trial by means of a petition for mandamus only if she has no other adequate means to obtain relief and the right is clear and indisputable. *Id.* at 1006. We find the Seventh Circuit's reasoning persuasive and adopt a similar rule.

We conclude that the concerns of judicial efficiency and fundamental fairness underlying the Supreme Court's jurisprudence granting mandamus to review denials of jury trial are the product of either obsolete procedural requirements or peculiar circumstances not present in the vast bulk of proceedings. The considerations in *Ex parte Simons,* the seminal Supreme Court case upon which subsequent decisions rely, are no longer applicable because they related to concerns relevant to a time before the fusion of law and equity. For example, the consequence of the order at issue in *Ex parte Simons* was to require two separate proceedings, one legal and one equitable, including two trials. *Ex parte Simons, supra,* 247 U.S. at 239–40, 38 S.Ct. at 497–98; *see also Ex parte Skinner & Eddy Corp.,* 265

U.S. 86, 96, 44 S.Ct. 446, 448, 68 L.Ed. 912 (1924) (stating that it would be a "useless waste of time and effort" to have a bench trial in Court of Claims if the plaintiff's voluntary dismissal should have been honored, and noting in addition that denial of writ would result in plaintiff losing right to jury trial in state court).

The cases in which the Supreme Court has granted writs of mandamus to preserve jury trials since the fusion of law and equity and adoption of liberal discovery rules have relied, without discussion, on *Ex parte Simons. See Beacon Theatres, supra,* 359 U.S. at 511 & n. 20, 79 S.Ct. at 957 & n. 20 (citing cases, including *Ex parte Simons* ); *Dairy Queen, supra,* 369 U.S. at 472, 82 S.Ct. at 897 (relying on *Beacon Theatres* ). One case cited in *Beacon Theatres* construed *Ex parte Simons* as resting on constitutional grounds, but that case did so only in rejecting a party's contention that *Ex parte Simons* was the product of a broader writ power than was granted to the federal courts by the 1948 revision of Title 28 of the United States Code. *See Black v. Boyd,* 248 F.2d 156, 161 (6th Cir. 1957) ("[I]t was the exceptional circumstances involved in *Ex parte Simons, supra,* namely the deprivation of the constitutional right of trial by jury, that accounted for the issuance of the writ, rather than the existence of a broader power under the former code than now exists under present all writs section."). Moreover, the court in *Black* did not explain how it reached its conclusion regarding the foundation of *Ex parte Simons,* nor is there any support in the text of *Ex parte Simons* for the court's conclusion. The other cases cited by the Court in *Beacon Theatres* find their basis in *Ex parte Simons. See Ex parte Peterson, supra,* 253 U.S. at 305–06, 40 S.Ct. at 544 (relying on *Ex parte Simons* ); *Bereslavsky v. Caffey,* 161 F.2d 499, 501 & n. 5 (2d Cir.1947) (relying on *Ex parte Peterson* ); *Canister Co. v. Leahy,* 191 F.2d 255, 257 (3d Cir.1951) (relying on *Bereslavsky* ).

**9.** We also note that the Seventh Circuit's view has not been adopted by all other federal courts of appeal. *See Kamen v. Nordberg,* 485 U.S. 939, 939–40, 108 S.Ct. 1119, 1119–20, 99 L.Ed.2d 279 (1988) (White, J., dissenting from denial of certiorari) (noting existence of split among circuits concerning application and vitality of *Dairy Queen* and *Beacon Theatres* with respect to availability of mandamus).

In sum, because the efficiency concerns we must now evaluate are different from the concerns addressed by the Supreme Court and the lower federal courts in *Ex parte Simons* and its progeny, we conduct our own evaluation of the need for interlocutory review, by means of a petition for mandamus, of denials of requests for jury trial. *Cf. Bruckman v. Hollzer*, 152 F.2d 730, 733 (9th Cir.1946) (denying defendant's petition for writ of mandamus to direct bench trial of all claims, on the ground that the fusion of law and equity by the new civil rules was intended to permit plaintiffs to join legal and equitable claims without losing right to jury trial on legal claims, thus obviating need to bring separate actions).

 Because the decision whether to issue an extraordinary writ is discretionary and turns on the particular facts of a given case, it would be inexpedient to create a blanket rule that the mere filing of any such petition has the effect of freezing proceedings in the trial court. When an order is properly appealed as a matter of right, there is no doubt that this court will review it on its merits; hence, an automatic stay of further trial court proceedings concerning the matter appealed is appropriate. Most petitions for an extraordinary writ, including petitions seeking to vindicate the right to a jury trial, carry no similar guarantee of review on the merits. *Foster v. Canan*, 661 A.2d 636 (D.C. 1995) (declining to issue a writ of mandamus on a pretrial claim of a right to jury trial in a criminal case because "the right to a petition for a writ of mandamus is not 'clear and indisputable' in this case," citing *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289, 108 S.Ct. 1133, 1143, 99

L.Ed.2d 296 (1988)).[10] Furthermore, the filing of a petition for an extraordinary writ should not be permitted to become a device for delay in the trial court. *Cf. Arthur v. Arthur*, 452 A.2d 160, 163 (D.C.1982) (holding that where defendant appeals the denial of a motion to dismiss for *forum non conveniens* made on the day of trial, the trial court has discretion to proceed to trial, at least where it appears that the motion and appeal were made for the purpose of delay). Therefore, we decline to adopt a rule imposing an automatic stay of trial court proceedings whenever a party files a petition for an extraordinary writ seeking review of the trial court's decision to deny trial by jury.[11]

 Where the petitioner can make an adequate showing, including a threat of irreparable harm, this court has ample authority to stay some or all further proceedings in the trial court. *See, e.g., Carter, supra,* 532 A.2d at 684 ("If the appellant wishes to test the [trial court's] authority to proceed, he may seek a writ of prohibition."); *Aurell v. Furst,* 539 A.2d 1081, 1082 (D.C.1988) (staying trial pending appeal of denial of motion to dismiss for *forum non conveniens*). Appellant did not request such a stay in this court; his failure to do so and his decision to ignore the proceedings in the trial court were at his own risk.

## B.

### Dismissal for Failure to Prosecute

In *Taylor v. Washington Hospital Center,* 407 A.2d 585, 590–91 (D.C.1979), we held that "where the case progresses to the day of trial and the plaintiff, disappointed by rulings of

---

10. We do not decide whether, in the context of a claim of right to a jury in a criminal trial where the right is "clear and indisputable," there is a separate requirement respecting the showing of injury that would result from requiring the defendant to appeal denial of the demand for a jury from a conviction.

11. Our approach finds additional support in the decision in *Clark v. Taylor*, 200 U.S.App.D.C. 231, 235, 627 F.2d 284, 288 (1980). In *Clark,* the plaintiff contended that the defendant, a Superior Court judge, did not have absolute immunity from suit because at the time of the impugned act, a petition for a writ of mandamus was pending in the case, thereby depriving the

judge of jurisdiction. The court held that the pendency of a petition for writ of mandamus did not deprive the Superior Court of jurisdiction such that the judge acted without jurisdiction, thereby depriving the judge of judicial immunity. The court cited *United States v. Hughes*, 388 F.2d 236, 239–40 (5th Cir.1968), *vacated as moot,* 397 U.S. 93, 90 S.Ct. 817, 25 L.Ed.2d 77 (1970), in which the United States Court of Appeals for the Fifth Circuit noted that the trial court had concurrent jurisdiction to rule upon the matters at issue in the petition. The court in *Clark* also noted that parties with applications for writs often request stays of trial court proceedings.

the court which are adverse to her case, then refuses to go forward, a Rule 41(b) dismissal may be appropriate." We went on to observe that

> In such a situation the aggrieved plaintiff is free to—and should—proceed to trial as limited by the court's procedural rulings, and if not successful at trial challenge those rulings on appeal. A trial judge understandably need not look kindly upon last-minute maneuvers which would wreak havoc on the court's trial calendar, and in the face of a refusal to go forward may in his discretion reject plaintiff's suggestion of dismissing without prejudice or resorting to some other milder sanction.

*Id.* at 591 (citations omitted)

■ A plaintiff, in general, should proceed to trial by the court notwithstanding his belief that the trial court erred in deciding that he is not entitled to a jury trial. Only if the preliminary ruling is "so unjustly burdensome or promotive of a wastage of judicial resources" should we consider reversing a subsequent dismissal for refusal to go forward with trial. *Id.* at 591. Litigants should be encouraged to try their case rather than suffer dismissal or default. As discussed above, if the outcome is favorable to the party aggrieved by the preliminary ruling, then the necessity of an appeal may be obviated. Moreover, requiring the party to go forward avoids piecemeal review. By going forward with the trial, other issues requiring appellate review may be raised below and considered along with the challenged preliminary rulings.

■ The trial court's decision to proceed in this case was not so burdensome or wasteful, if at all wasteful, that appellant's failure to appear was justified. Appellant knowingly absented himself from trial because of his displeasure with a pretrial ruling. We hold that in such circumstances the trial court did not abuse its discretion in sanctioning his conduct with dismissal with prejudice.

### III.

Because the trial court had jurisdiction to proceed with the trial, and the trial court did not abuse its discretion in dismissing with prejudice because of appellants' willful actions, the judgment is

*Affirmed.*

Judge MACK, on the facts of this case, concurs in the result.