**In re ESTATE OF Louise O. GREEN; Anne Meister, Appellant.**

No. 03–PR–910.

District of Columbia Court of Appeals.

Argued Feb. 23, 2005.
Decided April 13, 2006.

John E. Scheuermann, argued for appellant. Anne Meister, pro se, was on the brief.

Jane Saindon Dudley, with whom Andrew J. Terrell, Washington, DC, was on the brief, for appellee.

Before WASHINGTON, Chief Judge,[*] RUIZ, Associate Judge, and KING, Senior Judge.

WASHINGTON, Chief Judge:

Appellant Anne Meister ("special master") appeals from the trial court's ruling denying her compensation for defending an appeal before the Court of Appeals. Specifically, the special master challenges the trial court's determination that requests for compensation for defending an appeal should have been sought in the Court of Appeals pursuant to D.C.App. R. 39(d)(1). The special master states that the Superior Court, pursuant to Super. Ct. Civ. R. 53(a), is the proper venue for court appointed special masters to seek awards of supplemental compensation. We agree with the special master and reverse the decision of the trial court.

## I.

This is the second appeal we have heard regarding the estate of Louise Green. *See*

*In re Estate of Louise Green*, 816 A.2d 14 (D.C.2003) ("*Green I*"). Although a detailed account of the facts can be found in *Green I*, a brief recitation may be of benefit to the reader. Old Republic Surety Company ("Old Republic") is the surety for David Avery, the original personal representative of the estate of Louise Green. Mr. Avery was removed as personal representative by the trial court for failing to comply with the trial court's accounting requirements. As a result, the trial court appointed Anne Meister as special master of Louise Green's estate to determine the estate's assets and to file the requisite accountings. Three months after her appointment, the special master submitted her report along with a petition for compensation seeking $3,197.48 to be paid from Old Republic's bond. Old Republic, however, denied liability on the bond and challenged the special master's petition. The trial court sided with the special master, approved her report and ordered Old Republic to compensate her for her work. Old Republic appealed the trial court's order. On January 30, 2003, we issued an opinion affirming the trial court's order requiring Old Republic to pay the special master $3,197.48 in fees. *See Green I, supra*, 816 A.2d at 20–21.

Twenty days later, on February 19, 2003, the special master, once again in front of the trial court, filed a supplemental petition for compensation in the amount of $10,618.46 for services related to her defense of the appeal before the Court of Appeals. On February 21, 2003, we issued the mandate from *Green I*.

Old Republic objected to the special master's petition for supplemental compensation. Specifically, Old Republic claimed that the Superior Court lacked jurisdiction because any petition for supplemental

---

[*] Chief Judge Washington was an Associate Judge of the court at the time this case was argued. His status changed to Chief Judge on August 6, 2005.

compensation should have been presented to the Court of Appeals pursuant to D.C.App. R. 39(d). Old Republic also argued that, in seeking further compensation from the Superior Court, the special master was effectively seeking to amend the previous judgment[1] of the trial court. This attempt to alter or amend the previous judgment, Old Republic asserted, should be denied because of the special master's failure to comply with the time limits prescribed by Super. Ct. Civ. R. 59 (requiring that motions to alter or amend judgment be filed within ten days after entry of judgment). The special master, on the other hand, denied attempting to alter or amend the previous judgment and further argued that the trial court retained jurisdiction to award her supplemental compensation pursuant to Super. Ct. Civ. R. 53(a).

The trial court agreed with Old Republic's reasoning and on July 2, 2003, denied the special master's petition for supplemental compensation on the grounds of lack of jurisdiction and untimeliness. The special master filed a timely notice of appeal.

## II.

■ Although a trial court's decision to grant or deny a request for fees and costs is generally reviewed for abuse of discretion, *see Valentine v. Elliott (In re Estate of Delaney)*, 819 A.2d 968, 994 (D.C.2003), the issue of whether a trial court possesses the statutory authority to award particular fees and costs is reviewed *de novo. See*

*Del Rosario v. Wang*, 804 A.2d 292, 294 (D.C.2002).

In this case, the issue before the court is whether the trial court erred as a matter of law in concluding that it was precluded from awarding compensation for the efforts of a special master appointed by the Superior Court in defending the trial court's decision on appeal. This issue is purely one of law, and thus our review is *de novo*.

## A.

The exclusive authority to compensate a special master for work done in connection with her appointment by the Superior Court is found in Super. Ct. Civ. R. 53(a). This rule, in pertinent part, provides:

> Fees, if any, for work performed by the Auditor–Master and compensation to be allowed to a special master shall be fixed by the [Superior Court]. Such fees and compensation may be charged upon such of the parties or paid out of any fund or subject matter of the action, which is in the custody and control of the [Superior Court], as the [Superior Court] may direct.[2]

Super. Ct. Civ. R. 53(a). As is apparent, this rule references "fees" and "compensation" expansively, with absolutely no limiting language or restrictive terms. There is nothing in this Rule to suggest that the trial court's authority to compensate the special master it appointed is limited only to those fees that were incurred while the matter was pending before the trial court. Rather, the Superior Court, pursuant to

---

**1.** Old Republic is referring to the August 17, 2001 judgment of the trial court awarding the special master $3,197.48 in compensation for work done in preparing the accountings of the estate.

**2.** The actual text of Super. Ct. Civ. R. 53(a) refers only to an adjectiveless "Court." It is obvious that the "Court" referred to constant-

ly in the *Superior Court* Rules of Civil Procedure is none other than the Superior Court itself. For the sake of clarity we have replaced all references to the "Court" in our transcription of the Superior Court Rules of Civil Procedure with the term "Superior Court."

Super. Ct. Civ. R. 53(a), has the broad authority to compensate the special master for *any and all* fees and costs associated with and related to her court mandated duties.[3]

■ In this case, the special master's court mandated duty was to perform an accounting of the decedent's estate. Upon completion of her obligation, the court ruled that she was entitled to payment for her work in the amount of $3,197.48. When Old Republic appealed the trial court's judgment, the special master was required to defend against the appeal in order to protect her right to fair compensation. Her defense of the trial court's judgment and the costs associated with that defense are, therefore, directly related to and associated with her role as special master. Thus, she is allowed to petition the trial court for reimbursement of those costs. Super. Ct. Civ. R. 53(a) establishes that the trial court has jurisdiction to compensate the special master for the duties related to her court appointment, and we see no reason why defending against an appeal of the trial court's judgment should be excluded.

### B.

■ In concluding that the special master had to look to the Court of Appeals for compensation, the trial court apparently believed that it was divested of jurisdiction to grant compensation for work performed by a special master while the case was on appeal.[4] Although a "timely filed appeal divests the trial court of jurisdiction," *In re Estate of Derricotte*, 885 A.2d 320, 326 (D.C.2005), such jurisdiction is divested only so long as the appeal is pending before the Court of Appeals. After an opinion has been filed or a judgment entered in an appeal, the Court of Appeals issues a mandate pursuant to D.C.App. R. 41.[5] It is the issuance of this mandate that

---

3. The trial court concluded that the special master should have petitioned this court, pursuant to D.C.App. R. 39, for the compensation relating to her work in *Green I*. D.C.App. R. 39(d), however, was not intended to address requests for compensation by a special master appointed pursuant to Super. Ct. Civ. R. 53(a). The "costs and fees" a party may seek pursuant to D.C.App. R. 39(d)(1) include: "filing fees; the cost of reporter's transcripts necessary to prosecute the appeal; copying costs listed in Rule 39(c); postage and other delivery costs, ... and the cost of any premiums paid for a bond or other security required to preserve rights pending appeal." *Id.*

D.C.App. R. 39(d) is inapplicable to the circumstances presented here. The focus and purpose of D.C.App. R. 39(d) is to compensate a party only for the administrative costs of filing an appeal. In this case, the special master is seeking compensation for her work in defending against an appeal of the trial court's decision regarding the distribution of the estate's assets. She is seeking compensation for the time and effort she spent researching the relevant issues, writing the briefs, and preparing the argument; she is not seeking compensation for mere filing fees, copying costs, and postage.

The appropriate forum for the special master to seek compensation for the work she performed pursuant to her appointment by the trial court as special master is the trial court itself. *See* Super. Ct. Civ. R. 53(a).

4. It is also possible that the trial court felt that it was not in the best position to evaluate the special master's request for fees relating to her work done before the Court of Appeals. Reviewing requests for attorney's fees is, however, a quintessential function of the trial court, and the touchstone of such a review is always reasonableness. *See, e.g., Frazier v. Franklin Inv. Co.*, 468 A.2d 1338, 1341 (D.C. 1983) (identifying the twelve common factors used to assess the reasonableness of attorney's fees).

5. "The mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs." D.C.App. R. 41(a). "The court's mandate will issue 7 calendar days after the time to file a petition for rehearing expires, or 7 calendar

terminates jurisdiction of the Court of Appeals, and re-vests jurisdiction back in the Superior Court. *See Bell v. United States*, 676 A.2d 37, 41 (D.C.1996) ("It is the mandate that transfers jurisdiction from [the appellate court] back to the trial court.") (citing *Pyramid Nat'l Van Lines v. Goetze*, 66 A.2d 693, 694 (D.C.1949)). Although the re-vesting of jurisdiction in the Superior Court is more recognizable when the Court of Appeals reverses and remands a case to the trial court, there is nothing in the District's jurisprudence, including the Court of Appeals and Superior Court Rules, to preclude a similar revesting in circumstances where the mandate affirms the trial court's judgment. Therefore, the trial court's belief that once a matter was on appeal it forever lost the authority to provide compensation pursuant to Super. Ct. Civ. R. 53(a) was erroneous. Our February 21, 2003, mandate of affirmance in *Green I* transferred jurisdiction back to the Superior Court and thus the trial judge was authorized to entertain the special master's petition.[6]

### C.

■ The trial court also erred in concluding that the special master's request for supplemental compensation was, according to Super. Ct. Civ. R. 59, untimely. Super. Ct. Civ. R. 59 states that a party has ten days from the time judgment is entered to move to alter or amend that judgment. The trial court, misunderstanding the petition, viewed the special master's request for $10,618.46 as an attempt to amend the previous August 17, 2001 judgment of $3,197.48. The petition at issue, however, is for *supplemental* compensation; it is not an effort to amend or alter the previous judgment of $3,197.48 for work done in preparing the accounting of the estate. The petition for $10,618.46 is for the *additional* work done in defending the trial court's previous judgment. Super. Ct. Civ. R. 59 is not applicable and

---

days after entry of an order denying a timely petition for division rehearing, rehearing en banc, or motion for stay of mandate, whichever is later." D.C.App. R. 41(b). "The mandate is effective when issued." D.C.App. R. 41(c).

6. The fact that the special master filed her petition for supplemental compensation on February 19, 2003, two days before the trial court was re-vested with jurisdiction, is of no moment. Although the special master's petition may have been slightly premature when filed, jurisdiction was soon completely re-vested and the issue was properly before the trial court by the time the supplemental compensation was considered and subsequently denied on July 2, 2003.

Furthermore, although jurisdiction re-vested with the Superior Court on February 21, 2003, the trial court was not required to wait for our mandate to issue before considering the request for fees. We have consistently held that the divesting of a trial court's jurisdiction during the pendency of an appeal is premised on notions of judicial efficiency and orderly allocation of responsibility between the trial and appellate court, not for reasons of lack of competence. *See Stebbins v. Stebbins*, 673 A.2d 184, 189–90 (D.C.1996) ("The 'jurisdiction' of a trial court following an appeal, ... is circumscribed by decisional law in order to avoid confusion and waste of time stemming from parallel proceedings concerning the same matter."). In other words, appellate jurisdiction only divests a trial court of jurisdiction to hear matters relating to those issues on appeal. *Id.* The trial court, however, is free to decide *"other* matters which do not result in revocation or alteration of the judgment on appeal." *Id.* at 190 (quoting *Padgett v. Padgett*, 478 A.2d 1098, 1100 (D.C. 1984) (per curiam) (allowing a trial court to ability to grant attorney's fees to the prevailing party even though the underlying order was on appeal)) (emphasis in original). The special master's request for supplemental compensation is a separate matter from that which was on appeal in *Green I*, and therefore the trial court could have considered the request prior to the issuance of our mandate and the complete re-vesting of jurisdiction with the Superior Court.

therefore cannot bar the trial court from considering the motion.[7]

### III.

Because complete jurisdiction re-vested with the trial court after the *Green I* mandate, the trial court possessed the authority, pursuant to Super. Ct. Civ. R. 53(a), to compensate the special master for costs associated with defending the trial court's order against Old Republic's appeal. Furthermore, such a petition for supplemental compensation is not an effort to amend or alter the previous judgment, and is thus not time-barred by Super. Ct. Civ. R. 59. There is no jurisdictional or procedural bar preventing the trial court from entertaining the special master's petition for supplemental compensation.

For the foregoing reasons, the judgment of the trial court is

*Reversed and remanded for further proceedings consistent with this opinion.*

---

7. In the trial court, Old Republic also claimed that the special master's petition for compensation was excessive. The trial court never reached the merits of this argument, and neither do we.