**In re Conservatorship for Charlotte L. RICH a/k/a Charlotte M. Rich and Charlotte McKnight Rich.**

**Appeal of David HUDDLE.**

No. 7620.

District of Columbia Court of Appeals.

Argued Jan. 23, 1974.

Decided May 14, 1975.

David Huddle pro se.

Dolores Murray, Washington, D. C., conservator, pro se.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

This is a suit by appellant, a member of the bar of this court who appeared pro se, for the allowance of attorney's fees from the estate of Charlotte Rich, an adult ward of the court.

The facts, as alleged in the uncontroverted petition for fees, show that Mrs. Rich shared, with six other heirs-at-law, the estate of Susie F. Walsh, deceased, of which the appellant had been the administrator. This estate consisted primarily of three parcels of real property of which Mrs. Rich inherited an undivided one-quarter. Appellant alleged that "on behalf of all of the heirs-at-law of the said Susie F. Walsh, . . . [he] negotiated the separate sale of each parcel of real estate, assisted in the drafting of three contracts of sale, arranged for the execution of the contracts of sale, deeds, and Recordation Tax Statements . . . , arranged and attended to settlements, receipted and disbursed the funds, and prepared statements for each parcel showing the capital gains realized on each sale."

After completing the sales, the appellant filed, on March 22, 1973, a petition in the Superior Court of the District of Columbia seeking allowance of one-quarter of his fees from the conservatorship of the adult ward. The appellant alleged that he had been advised by the conservator that she had no objection to the allowance of such fees and costs. The petition was unopposed, but the court denied it without written findings or conclusions. A petition for reconsideration was likewise denied. Concluding that the court below was in error, we reverse and remand for a determination of the reasonable value of appellant's services to the estate.

The conservator opposes the petition on appeal claiming that a conservator may not expend funds unless prior court approval authorizing the services was obtained, and that appellant's services were performed voluntarily. The conservator further contends she was always ready, willing and able to perform such services herself. The record, however, does not appear to justify this last contention. There is no indication on the record we have that she either objected or offered to perform the services on behalf of her ward. Indeed, it would appear that she readily acquiesced in the efforts of appellant to dispose of the property.

The three parcels were sold for a total price of $128,000. The sale was finalized by the filing by appellant on behalf of the other heirs of three complaints against the ward under conservatorship for Confirmation of Contracts and Execution of Deeds on September 25, 1972, November 20, 1972, and December 21, 1972. Following the consideration of each complaint, the court, finding that the conservator indicated "no objection" in each instance, entered an order confirming the three sales.

When valuable real property is sold, even if one of the owners is under a conservatorship, it is reasonable to expect that the costs of sale will include a realtor's commission and an attorney's fee. If the conservator had any objection to the sale, she should have made it before or at the time the sale was submitted to the court for approval. Neither she nor the court made any objection and we conclude that the sale had at least the tacit approval of the conservator.

This raises the problem, as argued by the conservator in her brief, of the applicability of Super.Ct.Civ.R. 305(c). That rule provides in part:

All expenditures from an estate by a fiduciary, except those provided by statute and court costs, shall be made only upon prior authorization of the court. Failure of a fiduciary to obtain prior

court authority for expenditures, other than those provided by statute and court costs, shall constitute an irregularity in the administration of the estate and such expenditures shall be disallowed as a charge to the estate upon annual accounting except for good cause shown.
. . .

■ The prior approval requirement of Rule 305(c) refers clearly to "expenditures" which we take to mean the act of paying out money, as opposed to contracting for, authorizing, obligating or incurring expenses for services necessary to the carrying on, liquidating, or terminating the affairs of the estate. The principal purpose of the rule is to protect the estate of the ward against excessive or unjustified expenditures by the conservator by allowing only those expenditures for which the fiduciary secured prior approval or, lacking prior authorization, such obligations incurred as the court finds to be reasonable and necessary. It would be unreasonable and unrealistic to require the conservator to obtain court approval prior to incurring any debt whatever. For example, in the course of the administration of this estate the conservator sought court authorization to pay bills previously incurred by the conservator for "expenses in connection with the ward's real properties", for "cleaning charges", "locksmith", "plumbing repairs" and "medical and dental services" rendered. The objective that the estate not be charged a substantial item without the court's approval is realized where the court, as is true here, is directly petitioned by the creditor for approval of his bill or fees against the estate after the services have been rendered. The court in this instance had earlier knowledge of the transaction through the proceedings to approve the sales. We hold that Rule 305(c) is not a bar to this action by appellant.

■ The record here barely falls short of establishing an express oral agreement for the services at issue. However, it does appear from the record that the conservator was aware of the services being rendered by appellant, that they were accepted and that they benefited the estate. This is not contested and raises the question of whether appellant is entitled to compensation on a quantum meruit basis. *See* Dierickx v. Wisehart, 195 So.2d 614 (Fla.3d Dist.Ct.App.1967). Generally, quantum meruit is used where the plaintiff has performed useful services for the defendant. Warner Corp. v. Magazine Realty Co., D.C.App., 255 A.2d 479 (1969). If necessary services are rendered with or without the request of the conservator, and without prior court approval, but with the knowledge of the conservator, which in some way benefit the estate, recovery may be allowed for the reasonable value of the services rendered. It is clear that if the services are rendered freely with no expectation of payment, or rendered officiously, quantum meruit is to be denied. Dobbs, Remedies, § 4.2 at 237 (1973). *See* Bloomgarden v. Coyer, 156 U.S.App.D.C. 109, 479 F.2d 201 (1973).

■ The essential elements for recovery under quantum meruit are: (1) valuable services being rendered; (2) for the person sought to be charged; (3) which services were accepted by the person sought to be charged, used and enjoyed by him or her; and (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff, in performing such services, expected to be paid by him or her. Montes v. Naismith & Trevino Const. Co., 459 S.W.2d 691, 694 (Tex.Civ. App.1970). The record reflects that each of these requirements has been met.

We find that based upon the uncontested pleadings and the record below, substantial benefit inured to the estate of the ward from the performance of legal services by appellant which supplies the element of unjust enrichment necessary for the application of quantum meruit. Accordingly, we conclude that it would be unjust to allow the ward's estate to benefit from the use of appellant's services under the circumstances without paying for them.

We hold that appellant is entitled to a reasonable fee from the conservatorship for the reasonable value of the legal services rendered on a theory of quantum meruit. Since the trial court did not consider the reasonableness of the fee, we remand the case with instructions to determine what figure it should set as the value of appellant's services to the estate. The court in determining reasonable value should consider the nature of the services for difficulty and complexity, the value of the property involved, and the fact that the six other heirs-at-law have paid their percentage shares of the fee charged by appellant. The amount approved should be commensurate with the value of such services in the local market, but not to exceed the amount of the fee requested.

Reversed and remanded with instructions for further proceedings in accordance with this opinion.