In re ESTATE OF JOANE–MAGDA MURRELL;  Magilene Murrell, Appellant/Cross–Appellee.

In re Estate of Joane–Magda Murrell; Gilda Wallace, Appellee/Cross–Appellant.

Nos. 03–PR–1276, 04–PR–298.

District of Columbia Court of Appeals.

Argued April 27, 2005.
Decided June 16, 2005.

Claudia Barber, Laurel, MD, for appellant.

DeVan D. Washington, Upper Marlboro, MD, for appellee.

Before FARRELL and WASHINGTON, Associate Judges, and FERREN, Senior Judge.

WASHINGTON, Associate J.

This appeal involves a compensation award in the amount of $59,242.50[1] made to Gilda Wallace ("Wallace"), co-representative of Joane–Magda Murrell's estate, for extraordinary services rendered in the administration of the estate based upon a

---

1. Less the advancement of $10,000.

settlement of a wrongful death (medical malpractice) action. Because appellant, Magilene Murrell ("Murrell"), co-representative of the estate, the decedent's mother and heir to the estate, was entitled to a hearing and findings on whether the award of funds for extraordinary services was reasonable, we vacate the court's order and remand for further proceedings consistent with this opinion.

## I.

On May 27, 2003, nearly seven years after the decedent's death, Wallace filed a petition for compensation for extraordinary services in the amount of $59,242.50 from the estate in accordance with D.C.Code §§ 20–107, –751 and –753 (2001), for services rendered as a co-representative that were "necessary for the benefit of the estate." [2] Shortly thereafter, Murrell filed a response and objected to Wallace's petition, specifically alleging that "Wallace has unreasonably and duplicitously sought compensation in an outrageous manner for: '[r]esearch and review of publications, including newspapers and magazines, for information relating to blood clots and medical malpractice lawsuits.'" Despite Murrell's objection and without a hearing, the trial court granted Wallace's petition for compensation in an order dated July 8, 2003, without relating the compensation awarded to the factors contained in D.C.Code § 20–753(b). On July 17, 2003, Murrell filed a motion to vacate the July 8 order and for specific enforcement of a settlement agreement-the latter reflecting the fact that between June 18, 2003 and July 10, 2003, the parties were also engaging in negotiations to settle the issue of

Wallace's request for additional compensation.

On September 9, 2003, the trial court issued an order indicating that it would consider the two issues separately. In that order, the trial court stated, "[o]n October 15, 2003, we shall only address the issue of the settlement agreement. In the event [ ] the court concludes that there was no agreement, then a date will be selected to consider any additional issues." During the October 15 hearing, the parties only addressed issues relating to the enforcement of the proposed settlement agreement.[3] In an order dated October 30, 2003, however, in addition to finding there was no settlement agreement between the parties, the trial court also denied Murrell's motion to vacate without giving Murrell a chance to present evidence challenging the reasonableness of the award of compensation. The trial court simply indicated that it would not vacate its July 8 order. Murrell appeals from this order.

On December 10, 2003, the trial court granted Wallace's motion to release funds from the court's registry. Subsequently, however, the trial court ordered that Wallace return the money to the estate because it realized that it had originally granted the motion to release funds from the court's registry in part because of its mistaken belief that the motion was unopposed. The trial court, however, never vacated its original order granting the compensation. The February 17, 2004 order requiring Wallace to return the money to the estate also stated that Wallace's failure to comply with the order would

---

2. Wallace sought compensation for 1,316.5 hours of work.

3. Due to an equipment malfunction, approximately one hour and twenty-one minutes of

the proceeding were not transcribed. Both parties, however, agreed that the only issue before the court was whether the settlement agreement should have been enforced.

subject her to criminal contempt of court. Wallace cross-appeals from this order.

## II.

■■■ According to D.C.Code § 20–753(b), the trial court must consider the following factors when determining the reasonableness of compensation provided to personal representatives:

(1) the reasonable relationship of the compensation to the nature of the work performed; (2) any estimate of such compensation provided to the personal representative...; (3) the reasonableness of the time spent, including the number of hours spent and the usual hourly compensation for the work performed; (4) the nature and complexity of the matters involved and difficulties encountered, and the results achieved; and (5) whether or not all relevant time limitations have been met (or the reasons for any delay).

We review the reasonableness of a trial court's award of compensation for abuse of discretion. *See Valentine v. Elliot (In re Estate of Delaney)*, 819 A.2d 968, 993, 995 n. 19, 996 (D.C.2003), *cert. denied*, 540 U.S. 1109, 124 S.Ct. 1075, 157 L.Ed.2d 896 (2004) (citations omitted).

Wallace's request for additional compensation included several entries for legal research and other legal work allegedly performed on behalf of the estate with respect to a medical malpractice case, the settlement of which made up the bulk of the decedent's estate. According to evidence in the record, however, the law firm of Koonz, McKenney, Johnson, DePaolis & Lightfoot ("Koonz McKenney") was representing the estate in the malpractice case during that time period and never requested any assistance from Wallace with respect to the lawsuit. Thus a significant question was raised as to whether the work that Wallace allegedly performed was reasonable under the circumstances.[4] Because the trial court failed to consider the statutory factors relevant to the award of additional compensation to personal representatives as required by D.C.Code § 20–753(b), the trial court abused its discretion in granting the award of compensation. *See Poe v. Noble*, 525 A.2d 190, 196 (D.C.1987) (holding that it was an abuse of discretion when a probate judge failed to consider the statutory factors of § [20–753(b) ] );[5] *see also Valentine, supra*, 819 A.2d at 993, 996. Indeed, the trial court apparently recognized that its order granting the additional compensation was improvidently granted when it ordered Wallace to return the funds to the court registry. The trial court, however, neither held a hearing nor vacated its order granting Wallace the additional compensation. Because the trial court made no attempt to relate the compensation awarded to the factors enumerated in D.C.Code § 20–753(b), we vacate the trial court's order granting the additional compensation and remand this case for a hearing to determine whether the additional compensation requested by Wallace was reasonable under the statute. *See Poe,*

---

4. The compensation order included an award of a significant amount of money for legal services related to the wrongful death action that resulted in the settlement that comprised the bulk of the decedent's estate. Murrell would have presented as a witness Paulette Chapman ("Chapman"), the lead attorney from the law firm of Koonz McKenney, that represented the estate in the medical malpractice matter. Chapman would have testified that she neither sought nor requested the legal assistance of Wallace and that Wallace's work was unauthorized and unnecessary to the administration of the estate.

5. The factors set forth in *Poe* are the same factors listed in § 20–753(b). *See Valentine, supra*, 819 A.2d at 995 n. 19.

*supra,* 525 A.2d at 196; D.C.Code § 20–753(a).

■ With respect to Wallace's cross-appeal, the trial court indicated in an order filed February 17, 2004, that Wallace would be subject to criminal contempt of court *if* she failed to comply with its order to return the additional compensation to the court registry by April 16, 2004. On June 14, 2004, however, the trial court determined that Wallace could not comply with that order because she did not have the necessary resources. Because the trial court found that her failure to return the money to the court's registry was not willful, the trial court decided not to hold her in contempt, and thus, imposed no sanction. Because Wallace was neither held in contempt nor sanctioned, there is no basis for this appeal. *See* D.C.Code § 11–721 (2001); *see e.g., Crane v. Crane,* 614 A.2d 935, 939 (D.C.1992) (stating that "[a]n adjudication of contempt... cannot be appealed unless and until a sanction has been imposed"); *Beckwith v. Beckwith,* 379 A.2d 955, 958 (D.C.1977), *cert. denied,* 436 U.S. 907, 98 S.Ct. 2239, 56 L.Ed.2d 405 (1978) (holding that this court does not have jurisdiction to hear an appeal under D.C.Code § 11–721 where a trial court has declared a contempt adjudication- to be moot).[6]

*Order vacated and case remanded.*

---

**6.** Murrell raises several other arguments in support of her contention that the trial court abused its discretion in awarding additional compensation for extraordinary services to Wallace. Because we agree with Murrell that the trial court abused its discretion when it granted the award of additional compensation without considering the statutory factors, we need not address Murrell's outstanding arguments. With respect to Murrell's request that in the event this court remands the case a new judge be assigned, we find no basis in the record for such extraordinary relief. Therefore, we decline Murrell's invitation to assign a new judge on remand. *But see* Super. Ct. Civ. R. 63–I (2004).