In re ESTATE OF Hattie McDANIEL

**Carl E. Snead, Appellant,**

v.

**Jeff Watkins, Guardian and Conservator, Appellee.**

No. 07–PR–320.

District of Columbia Court of Appeals.

Submitted March 18, 2008.

Decided July 17, 2008.

Carl E. Snead, pro se.

Before BLACKBURNE–RIGSBY, Associate Judge, and KERN and FERREN, Senior Judges.

PER CURIAM:

Appellant Carl E. Snead contends that he is entitled to reasonable compensation for legal and fiduciary services that he performed for Jeff Watkins, who was the guardian and conservator of Hattie McDaniel's estate, and that the trial court erred by failing to make specific fact findings in its denial of his petition for reasonable counsel fees. D.C.Code § 20–753(b) (2001); D.C. R. Prof'l Conduct 1.5(a) (2001); Super. Ct. Prob. R. 308 (2001). We agree, and we reverse the trial court's order and remand the case so that the trial court may provide specific findings of fact regarding the factors it considered in determining "reasonable compensation for reasonable legal services" rendered by Mr. Snead.

## I.

On May 5, 2005, Jeff Watkins sought Mr. Snead's legal advice in preparing a petition for an intervention proceeding, because he wished to serve as his godmother Ms. McDaniel's guardian and wished to obtain a conservatorship over her property due to her poor health. Mr. Snead assisted Mr. Watkins in preparing and filing the petition for the proceeding because Mr. Watkins had difficulty, due to his age and lack of experience, performing these tasks on his own.

After the trial court appointed Mr. Watkins as guardian and conservator for Ms. McDaniel and her estate, Mr. Snead assisted him in fulfilling his statutory responsibilities as both the guardian and conservator, which included preparing the guardian reports, conservatorship plan, the inventory, and the annual accounting.[1] Mr. Snead also assisted Mr. Watkins in petitioning the trial court for permission to sell Ms. McDaniel's house to offset the high costs of her nursing home care. After the court approved the sale, Mr. Snead negotiated a contract with the realtor, evaluated offers from prospective purchasers, and sold the property.

On November 8, 2006, Mr. Snead filed the first annual accounting, without any objections, and then he filed his only petition for legal fees in March 2007 for a total of 36.9 hours at a fee of $250 per hour for a total of $9,225. The court (1) denied Mr. Snead's request for fees for preparing the inventory, annual accounting, and conservatorship and guardianship reports; (2) reduced the number of hours it would consider to 11.2 hours, compared to the 36.9 hours claimed by Mr. Snead; and (3) reduced his fee from $250 to $200 per hour. Mr. Snead timely appealed to this court.

## II.

We review the trial court's decision to grant or deny requests for counsel fees and the reasonableness of the court's award of those fees for abuse of discretion. *In re Estate of Green*, 896 A.2d 250, 252 (D.C.2006); *In re Estate of Murrell*, 878 A.2d 462, 464 (D.C.2005). Additionally, we will not disturb a trial court's decision unless the record lacks sufficient factual findings. *In re Orshansky*, 804 A.2d 1077, 1092 (D.C.2002).

In evaluating and determining a reasonable amount of counsel fees, we have held that a trial court abuses its discretion by: (1) *failing to consider a relevant factor*; (2) relying upon an improper factor; or (3) failing to provide reasons

1. Respectively, the citations are D.C.Code §§ 21–2047 (general powers and duties of guardians), –2070 (powers of conservators), –2071 (duties of conservator) (2008 Supp.).

that support the court's conclusions. *See Johnson v. United States,* 398 A.2d 354, 366–67 (D.C.1979) (identifying as improper reasons that are not supported by the record). In general, attorneys are entitled to reasonable compensation for their services in the intervention proceeding and other legal proceedings. *See* Super. Ct. Prob. R. 308(a)-(b) (2001) (requiring attorneys to file petitions with the court for compensation including a description of the services, their time, and their hourly rate). Attorneys may also receive compensation for non-legal services or for services normally performed by the fiduciary if the fiduciary agrees to pay them a percentage of the fiduciary's commission. *See* Super. Ct. Prob. R. 225(e)(2) (indicating that the attorney must obtain the written consent of the fiduciary for compensation for the attorney's services in administration of the estate). We consider legal and fiduciary compensation separately. Super. Ct. Prob. R. 225(e)(1)-(2). Further, when considering a request for counsel fees, the trial court must make specific findings of fact in relation to Mr. Snead's claim that he performed legal services for Mr. Watkins. *Williams v. Ray,* 563 A.2d 1077, 1080 (D.C.1989).

■ Mr. Snead contends that Mr. Watkins requested his legal expertise for the intervention proceeding and for the sale of Ms. McDaniel's property,[2] and accordingly he should be compensated for these services. Although the trial judge agreed that Mr. Snead should receive rea-

sonable compensation for his legal services, the trial court did not provide any explanation why it considered some services to be legal and others to be fiduciary. Similarly, no explanation was provided regarding why Mr. Snead would not receive compensation for the non-legal services provided to Mr. Watkins, the fiduciary. *See Poe v. Noble,* 525 A.2d 190, 196 (D.C. 1987) (noting that probate courts address attorneys' claims against the estate separately from their claims for costs from the fiduciary). We are also unable to discern from the record the reason for granting Mr. Snead compensation for only 11.2 of the 36.9 hours he billed for his work. Indeed, the only evidence of the trial court's rationale are the marks on the *Description of Services Rendered,* where some line items are crossed-out, while others were not.[3]

■ Mr. Snead further argues that the trial court abused its discretion by reducing his hourly rate from $250 to $200 without explanation. Although the trial court has the authority to determine the reasonable number of hours and the attorney's hourly rate for reasonable compensation, *see Ginberg v. Tauber,* 678 A.2d 543, 552 (D.C.1996), it must consider the following factors: (1) time, labor, and skill to perform the legal services; (2) fee customarily charged in the area for similar services; (3) attorneys' experience and ability; and (4) limitations imposed by the client. *Id.* at 551; *see also* D.C.Code § 20–753(b)

---

**2.** In a proceeding for a court-appointed guardianship and/or conservatorship, the petition must be filed and must state with particularity *inter alia* the name, age, and interest of the petitioner as the basis for their appointment to that role, a description of the ward and the ward's property, and reasons why a guardianship and/or conservatorship is necessary so that the trial court may determine what class of examiner and visitor should examine the individual alleged to be

incapacitated. D.C.Code §§ 21–2041 (guardianship proceeding), –2052 (conservatorship proceeding).

**3.** On the *Description of Services Rendered,* the trial court crossed out Mr. Snead's time for meeting with a social worker, preparing the inventory as well as the guardianship and conservatorship petitions and reports, preparing the first accounting, and the fee petition.

(2001); D.C. R. of Prof'l Conduct 1.5(a) (2001). Here, the trial court determined that an hourly rate of $200 was reasonable compensation for Mr. Snead's services, but did not provide any reasoning or explanation for its decision why Mr. Snead should not receive the $250 hourly rate he normally charges, nor did it reference any of the factors listed above.[4] Therefore, the trial court abused its discretion by failing to reference the relevant statutory factors. *Williams, supra,* 563 A.2d at 1080.

We remand for the trial court to determine: (1) whether Mr. Snead performed services for Mr. Watkins and, if so, which services were legal and non-legal, respectively; (2) whether Mr. Snead is entitled to reasonable compensation for legal services and for non-legal fiduciary services, respectively; (3) if so, what factors the court relies upon for determination of reasonable hourly rates for fees awardable to Mr. Snead for legal and non-legal fees, respectively; and (4) the hourly rates and resulting amounts of fees awardable to Mr. Snead, respectively, for legal and non-legal services for Mr. Watkins. *Ginberg, supra,* 678 A.2d at 552; *In re Rich,* 337 A.2d 764, 767 (D.C.1975).

*So ordered.*

---

**4.** Mr. Snead represents that the court approved compensation of an attorney for the ward at the rate of $250 per hour. (Appellant's Br. 12).