*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-PR-635

IN RE ESTATE OF REUBEN E. WAUGH, JR.;
GREGORY WAUGH, APPELLANT.

Appeal from the Superior Court
of the District of Columbia
Probate Division
(ADM-969-08)

(Hon. John M. Campbell, Probate Judge)

(Submitted March 31, 2015                    Decided August 27, 2015)

*James R. Holloway* was on the brief for appellant.

*Paul M. Toulouse* was on the brief for appellees.

Before FISHER and BLACKBURNE-RIGSBY, *Associate Judges*, and KING, *Senior Judge*.

BLACKBURNE-RIGSBY, *Associate Judge*:   Over the course of supervised probate, and in two prior appeals before this court, appellant Gregory Waugh has raised multiple challenges to the administration and distribution of the estate of his father, decedent Reuben E. Waugh, who died intestate.  Appellant's primary claim in the present appeal relates to compensation paid to appellee-attorney Paul M. Toulouse, who has served in three capacities — as attorney for the estate, as co-

personal representative with appellee Shanese L. Barber, the decedent's common law wife, and as the lawyer for Ms. Barber in her efforts to establish that she is an heir of the estate. Appellant contends that the trial court erroneously denied his challenges to Mr. Toulouse's compensation because appellant raised them by way of an objection to the co-personal representatives' account of estate administration, rather than by a separate petition under D.C. Code § 20-753 (2001). On appeal, we address a question of statutory construction: whether our probate statute permits an interested party to petition the court for a review of the reasonableness of compensation paid from estate funds by way of an objection to the personal representative's account of estate administration, rather than by a separate petition. We answer in the affirmative and remand for proceedings consistent with this holding.[1]

### I. Factual Background

Reuben E. Waugh, Jr., died intestate on July 17, 2008, leaving Ms. Barber and appellant as potential heirs. Both potential heirs filed petitions for probate, but the trial court granted Ms. Barber's petition after an evidentiary hearing in which it

---

[1] Appellant also challenges the trial court's determination that his objection to a proposed distribution of estate assets was untimely under D.C. Code § 20-1102 (d) (2001). We address this issue briefly, and affirm.

determined that Ms. Barber was the decedent's common law wife. The trial court also appointed Ms. Barber as co-personal representative of the estate with her attorney, Mr. Toulouse, who also served as the attorney for the estate.

### A. Appellant's first and second appeals

In appellant's first appeal before this court, he challenged the trial court's determination that Ms. Barber was the decedent's common law wife, and we affirmed. *See In re Estate of Reuben E. Waugh, Jr.; Gregory Waugh, Appellant*, No. 09-PR-1038, Mem. Op. & J. (D.C. October 19, 2010). Mr. Toulouse represented Ms. Barber in that appeal and received compensation from estate funds.

During and after the first appeal, Ms. Barber and Mr. Toulouse continued to administer the estate in accordance with their duties as co-personal representatives. Pursuant to D.C. Code § 20-721 (2001),[2] they submitted two accounts of the

---

[2] D.C. Code § 20-721 provides:

> Except as provided in section 20-731, a supervised personal representative shall prepare verified written accounts of the management and distribution of the decedent's property at the times and in the manner

(continued . . .)

management and distribution of the estate to appellant and to the probate division for approval, the first on July 19, 2010 ("First Account"), and the second and final on April 29, 2011 ("Final Account"). Mr. Toulouse also provided appellant with a proposal to distribute the estate's assets in kind, pursuant to D.C. Code § 20-1102 (d),[3] on March 25, 2011. In this proposal, Mr. Toulouse requested that appellant raise any objections to the distribution in kind within thirty days, though appellant did not meet this deadline.

Appellant's only responses to the co-personal representatives' communications came in the form of objections to the First and Final Accounts,

---

(. . . continued)

prescribed in this subchapter. The personal representative shall file the account with a certificate that there has been mailed or delivered to all interested persons, within the previous 15 days, a copy of the account with a notice that the account will be filed on or before a stated date.

[3] D.C. Code § 20-1102 (d) provides:

After the probable claims against the estate are known, the personal representative may mail or deliver a proposal for distribution to all persons who have a right to object to the proposed distribution. The right of any such person to object to the proposed distribution terminates if such person fails to object in writing received by the personal representative within 30 days after mailing or delivery of the proposal.

filed pursuant to D.C. Code § 20-726 (2001).[4] Appellant filed objections to the First Account on April 24, 2010, asserting, among other things, that Mr. Toulouse had abdicated his responsibility as co-personal representative by failing to require supporting documentation for the attorney's fees paid to him for his services, and abdicated his responsibility as attorney for the estate by failing to provide such documentation. Appellant filed objections to the Final Account on June 1, 2011, renewing his objections to the First Account and, for the first time, objecting to Mr. Toulouse's proposal for distribution of the estate in kind as "unfair and uneven." At the time of this filing, more than two months had elapsed since appellant received this proposal, and thus appellant had missed the thirty-day window in which to object to the proposed distribution, pursuant to D.C. Code § 20-1102 (d).[5] The trial court denied appellant's objections to both accounts without making specific findings, and appellant once again appealed to this court.[6]

---

[4] D.C. Code § 20-726 provides that "[a]ny interested person may file an exception to an account with the Register within 30 days of the filing of the account. Such person shall mail a copy of the exception to the personal representative." Appellant and the trial court refer to these "exceptions" as "objections."

[5] See *supra* note 3.

[6] Specifically, in its order approving the First Account, the trial court stated that appellant's objections were denied "[f]or the reasons stated in the opposition to the objection[.]" Similarly, in its order approving the Final Account, the trial court handwrote "the objections filed by Gregory Waugh are denied."

In appellant's second appeal, he challenged the trial court's denial of his objections to the First Account and the Final Account, arguing error on the merits. Mr. Toulouse and Ms. Barber countered on procedural grounds, arguing that appellant had failed to file a petition challenging the reasonableness of compensation paid from the estate under D.C. Code § 20-753 (a)[7] and that his objection to the distribution of estate assets was untimely under D.C. Code § 20-1102 (d).[8] *See In re Estate of Reuben E. Waugh, Jr.; Gregory Waugh, Appellant*, No. 11-PR-1427, Mem. Op. & J. (D.C. January 14, 2013). We concluded that the

_____

[7] D.C. Code § 20-753 (a) provides:

> (a) On petition of any interested person (other than one who has consented after fair disclosure, and any person or entity claiming by or through such interested person) or on appropriate motion if administration is supervised, and after notice to all interested persons and hearing, the reasonableness of the need for or scope of employment of any person or entity employed by a personal representative including any attorney, auditor, investment advisor or other specialized agent or assistant, the reasonableness of the compensation of any person or entity so employed, or the reasonableness of the compensation claimed or taken by the personal representative for the personal representative's own services, may be reviewed by the Court. Any person or entity who has received from an estate compensation for services rendered in excess of what the Court finds to be reasonable may be ordered to make appropriate refunds if such person or entity was given due notice of the petition and hearing, and the right to participate in such hearing.

[8] See *supra* note 3.

record was insufficient to assess the merits of either party's assertions and remanded for the trial court to "further explain its rulings" and make the following inquiries:

> First, were the objections appellant Waugh filed to the first and second accounts sufficient to challenge the attorney's fees paid to appellee Toulouse for his legal work to establish and defend appellee Barber's status as an heir of the estate, or was appellant required to follow a different procedure?
>
> Second, assuming appellant's objections were sufficiently preserved, should the estate be required to pay Toulouse's attorney's fees for: services provided to Ms. Barber to establish her status as the decedent's common law wife; services provided to Ms. Barber defending the ruling on appeal; and/or any other services provided to Ms. Barber in her capacity as heir, or putative heir, as distinguished from her capacity as co-personal representative?
>
> Third, to the extent appellant seeks a different distribution of assets, is his claim barred by D.C. Code § 20-1102 (d), or was his objection to the first or second account — or the combination of the two objections — sufficient to raise and preserve this claim?

### B. The trial court's order on remand

On remand, the trial court answered the first and second inquiries by explaining that appellant was required to file a separate petition for a compensation review pursuant to D.C. Code § 20-753 (a), and that appellant's objections to the

First and Final Accounts were not a sufficient substitute.[9] The process for reviewing an account, the trial court explained, does not include a review of the reasonableness of compensation paid from the estate. Rather, it is an auditing process in which the Probate Division's auditing staff ensures that the account balances and is supported by documentation and, if so, submits the account to the court for review and approval. The Probate Division's auditing staff has no authority to decide an issue or make recommendations to the court in response to an interested party's objection to the account.

On the other hand, the trial court explained that a petition for a compensation review filed pursuant to § 20-753 (a) is meant to put all parties on notice that compensation paid from the estate is disputed and provides "a forum where both parties can submit evidence and a record can be established for the court's consideration of the review petition." Because appellant never filed this petition, and because his objections to the First and Final Accounts were not a sufficient alternative, the trial court stated that the parties and the court were "entitled to proceed with the estate administration with the understanding that the

---

[9] Specifically, the trial court stated that appellant must file a "§ 20-753 (b) petition," referring to the process for requesting a review of the employment and compensation of personal representatives and employees of the estate described in § 20-753 (a). Section 20-753 (b) provides factors for the court to consider in its review.

reasonableness of Mr. Toulouse's attorney fees w[as] not at issue." The trial court found that appellant had ample opportunity to file a petition in compliance with this statute, and concluded that appellant's failure to do so constituted waiver of this right.

As to the third inquiry on remand, regarding appellant's objections to the proposed distribution of the estate, the trial court determined that appellant was required to follow the procedure set forth in D.C. Code § 20-1102 (d) and object to the proposed distribution "within 30 days after mailing or delivery of the proposal." *Id.* The trial court explained that this procedure promotes efficient estate administration by allowing the parties to address objections to a proposed distribution before the proposed distribution plan is implemented, a concern that is particularly relevant where a hostile heir is involved. Because Mr. Waugh did not object to the proposed distribution within thirty days and instead challenged it in his objection to Final Account — filed more than two months later — the trial court concluded that Mr. Waugh had forfeited his right to do so and that his claim was time barred.[10] This appeal followed.

---

[10] The trial court also concluded that, in any event, the proposed distribution was fair, as it allocated the estate's assets in-kind between appellant and Ms. Barber, who took assets valued at $214,620 and $212,700, respectively.

## II.   Discussion

On appeal, appellant argues that the trial court erred by concluding on remand that his objections to the First Account and the Final Account were inadequate to preserve his challenges to the reasonableness of compensation paid from the estate and to the proposed distribution of the assets of the estate.  The trial court's conclusions, appellant argues, were entirely based on its own interpretation of the statutes implicated, and this interpretation allowed the trial court to avoid hearing appellant's claims on their merits.

In the absence of prior interpretation by this court, the trial court answered our inquiries on remand by engaging in a literal interpretation of § 20-753 (a) and -1102 (d), and we review its interpretation de novo as applied to appellant's claims. *See In re Estate of Wilson*, 935 A.2d 323, 326 (D.C. 2007).   In so doing, "[w]e must first look at the language of the statute by itself to see if the language is plain and admits of no more than one meaning. . . .  The primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that he [or she] has used." *Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753 (D.C. 1983) (en banc) (citations omitted).   Yet we may also look beyond the plain language of a statute in order to "effectuate the

legislative purpose . . . as determined by a reading of the legislative history or by an examination of the statute as a whole." *Id.* at 754 (citations and internal quotation marks omitted). We turn first to appellant's argument regarding the proposed distribution of the estate, which we address summarily.

### A. Whether Appellant's objection to the proposed distribution in kind was timely filed, pursuant to Section 20-1102 (d)

Section 20-1102 (d) requires the personal representative to "mail or deliver" a proposal for the distribution of the estate to those with a right to object. *See* § 20-1102 (d).[11] The interested parties must object to this proposed distribution "within 30 days after mailing or delivery of the proposal" or their right to object "terminates." *Id.* We agree with the trial court that this timing requirement is a necessary aspect of efficient estate administration and distribution because the personal representatives must address any objections prior to moving forward with the associated transfer of property and assets. Appellant filed his objection to the Final Account, in which he challenged this proposed distribution, more than two months after receiving the proposal. We need not assess whether appellant's decision to challenge the distribution of the estate within his objections to the Final

---

[11] See *supra* note 3.

Account was appropriate under § 20-1102 (d) because appellant's challenge, even if proper in form, was untimely.

**B. Whether appellant's objections to the First Account and Final Account were sufficient to initiate a compensation review, pursuant to Section 20-753 (a)**

In many cases, the first time that an interested party will discover the amount of compensation paid from estate funds to an attorney or a personal representative is in the personal representative's written account of the management and distribution of the decedent's property, which it must deliver to all interested persons and file with the court for review and approval. D.C. Code § 20-721; D.C. Code § 20-731 (2001) (permitting parties to waive the requirement of filing accounts); *see also* D.C. Code § 20-722 (2001) (explaining the required contents of an account, including "each . . . disbursement and distribution of assets of the estate"). Interested parties may file objections to the account explaining why they take issue with the account, as presented, and the trial court considers these objections in deciding whether to approve the account. *See* D.C. Code § 20-726 ("Any interested person may file an exception to an account with the Register within 30 days of the filing of the account.").

If an interested party would like to contest the reasonableness of compensation paid from estate funds, however, that party must request a compensation review. Essentially, this review is a statutorily-defined evidentiary process in which the court holds a hearing and considers the reasonableness of the employment or compensation of the personal representative and persons employed by the personal representative. *See* D.C. Code § 20-753 (a); *see also* D.C. Code §§ 20-751 and -752 (2001) (providing for compensation from estate funds for the personal representative and for any personal representative who "defends or prosecutes . . . any proceeding relating to the decedent's estate"). In pertinent part, § 20-753 (a) provides that "any interested person" may file a "petition" or an "appropriate motion if the estate is supervised" seeking review by the court of "the reasonableness of the need for or scope of employment of any person or entity employed by a personal representative including any attorney" and "the reasonableness of the compensation of any person or entity so employed." D.C. Code § 20-753 (a).[12] If, after notice and a hearing, the court determines that a compensation review is necessary, the court will consider a list of five statutory reasonableness factors before issuing its findings and conclusions. *See* D.C. Code

---

[12] D.C. Code § 20-753 (a) is provided in full *supra* note 7.

§ 20-753 (b).[13] As the trial court explained, this process allows the court to conduct its compensation review on the basis of a record containing evidence from all interested parties.

Appellant argues that an interested party may satisfy the "petition" or "appropriate motion" requirement of § 20-753 (a) — and thereby initiate a compensation review — by filing an objection to the personal representative's

---

[13] D.C. Code § 20-753 (b) provides:

> In determining the reasonableness of any employment or compensation as provided in subsection (a) of this section, the Court shall consider the following factors (as shown in the verified statements of the personal representative or of any other recipient of such compensation), as well as any other factors deemed relevant by the Court:
>
> (1) the reasonable relationship of the compensation to the nature of the work performed;
> (2) any estimate of such compensation provided to the personal representative (or to the interested persons, in the case of compensation to the personal representative who is also counsel for the estate);
> (3) the reasonableness of the time spent, including the number of hours spent and the usual hourly compensation for the work performed;
> (4) the nature and complexity of the matters involved and difficulties encountered, and the results achieved; and
> (5) whether or not all relevant time limitations have been met (or the reasons for any delay).

account of the estate.  Our de novo review of Title 20, its legislative history, and the Superior Court Rules of the Probate Division leads us to agree.

Looking first to the plain meaning of the statute, the trial court's assumption that a "petition" must be filed separately from an objection to an account is not untenable.  Yet this assumption is based on the absence of any mention either way as to whether a party may file a § 20-753 petition within an objection to an account, not on any express or implied prohibition.  No provision of Title 20, including § 20-753, and no rule of the Superior Court's Probate Division, prevents an interested party from including a request for a compensation review within an objection to an account, so long as that petition complies with the requirements of Title 20 and the Superior Court Rules of the Probate Division.  For probate purposes, the requirements for a "petition" are defined quite loosely:

> Any request filed by an interested person, including any pleading described in this title as a petition, need not be in any particular format. It will be sufficient for the purpose intended as long as it is *in writing* and *specifically identifies the particular issue or concern which the interested person wishes the Court to review or resolve.*

D.C. Code § 20-107 (c) (2001) (emphasis added).  Super. Ct. Prob. R. 424 requires that a "petition for review of . . . compensation by the personal representative" for a "supervised or unsupervised" estate must be "filed pursuant to [Super. Ct. Prob.

R.] 412 and . . . address the factors set forth in D.C. Code § 20-753 (b) and any other factors deemed relevant."[14] *Id.* Super. Ct. Prob. R. 412 (a) adds that the petition "shall specifically identify the relief requested, the legal basis therefore (if any), and the reasons why such relief is believed to be appropriate" and "shall be accompanied by a Certificate of Service." In other words, under these provisions, an interested party may satisfy the requirements for a § 20-753 petition within a timely objection to an account if, within the objection, that party 1) specifically identifies that the relief requested is a determination of the reasonableness of compensation paid from estate assets and why such relief is appropriate, 2) addresses the factors set forth in § 20-753 (b), and 3) provides a Certificate of Service.[15] Where such a petition is present, the court and the personal

---

[14] See factors listed *supra* note 13.

[15] While § 20-753 requires that such requests be filed by "petition . . . or on appropriate motion if administration is supervised," the distinction between a "petition" and a "motion" seems to be a distinction in name, not substance, due solely to the supervised status of the estate. The substantive requirements for a "petition" described in the Superior Court Rules of the Probate Division would therefore apply equally to a "motion" filed in a supervised estate. This interpretation is bolstered by D.C. Code § 20-107, which permits an interested person to "petition the court for an order . . . to resolve a question or controversy arising in the course of a supervised or unsupervised administration of a decedent's estate," and by Super. Ct. Prob. R. 424, which does not distinguish between a "petition" or "appropriate motion" in stating requirements for initiating a compensation review in a "supervised or unsupervised" estate. *See* Super. Ct. Prob. R. 424.

representative(s), in reviewing an interested party's objections to the account, would thereby be on notice of a request for a compensation review.

Acknowledging the tenability of the trial court's interpretation, however, we also look to the legislative history of § 20-753 (a). The present compensation review procedure originated as part of the Probate Reform Act of 1994, in which the Council of the District of Columbia ("Council") sought to increase the efficiency of the probate process by "revers[ing] the existing presumption in the District of Columbia of court supervision of decedents' estates." D.C. Council, Report on Bill 10-649 at 2 (October 26, 1994). Instead, the Act created a "flexible system of estate administration that removes the estate from court review and thereby reduces the time and costs associated with court supervision[,]" except where interested persons seek to "have any controversy or uncertainty involving an administration resolved by court adjudication or declaration." *Id.* In keeping with this purpose, the Council added § 20-753 to "allow the court, after an objection by an interested party, to review the reasonableness and scope of compensation for all services rendered the estate." *Id.* at 8.

Our interpretation finds support in the Council's objective of increasing efficiency by freeing the court from overseeing aspects of estate administration that

it need not supervise, absent a request from an interested party. *Id.* at 8. In pursuing this objective, the Council noted that it did not intend to "circumvent, diminish or eliminate existing court procedures established to protect estate property for the benefit of interested persons." *Id.* at 2. In our view, the Council's objective would not be served by denying interested parties the protective procedure of a review under § 20-753 where a party submits a request for review that complies with the requirements of § 20-753 within an objection to an account, rather than by a separate petition. Indeed, because the account is likely the first time that the interested party will encounter the disputed attorney fees, permitting parties to petition for a compensation review within an objection to this account would seem to promote, not impede, the Council's objective.

Accordingly, we hold that an interested party may petition for a compensation review under § 20-753 (a) by way of a timely objection to an account, so long as that party adheres to the requirements of Title 20 and the Superior Court Rules of the Probate Division, as outlined herein.

Looking to the content of appellant's objections to the accounts in the present case, we note that in his objection to the First Account, he unambiguously requested "an evidentiary hearing requiring . . . [the] Personal Representatives to

document and justify the transactions in this Account." Appellant specifically objected to the attorney's fees, noting the absence of supporting documentation and arguing that the fees seemed to improperly compensate Mr. Toulouse in his capacity as attorney for the estate rather than as co-personal representative, which would not be "reasonable compensation for his services" under D.C. Code §§ 20-751 and -752. Appellant objected to Mr. Toulouse's continuing role "as both counsel for Ms. Barber in her capacity as a putative heir, and as co-personal representative of the estate." According to appellant, "Mr. Toulouse's action of advocating on behalf of one interested party, and against the interests of a second interested party, plainly violates his fiduciary duty to act in the best interests of all interested parties as co-personal representative." With respect to attorney's fees, appellant objected to "Mr. Toulouse's billing the instant estate $52,616.98, at the rate of $375.00 per hour, for legal work presumably done as the retained attorney for Ms. Barber, one putative heir, for appellate work on her behalf," work that was "plainly in conflict with the right of Mr. Gregory Waugh, an undisputed heir, to the faithful service by Mr. Toulouse to all interested persons of the estate."

In his objection to the Final Account, appellant incorporated his objections to the First Account and added additional claims. First, appellant reiterated his objections to "the glaring conflict of interest in the ongoing multiple roles of

Mr. Toulouse as counsel for Ms. Barber, co-personal representative and counsel for the interested parties in the estate, namely Ms. Barber and Mr. Gregory Waugh." According to appellant, there was "an obvious conflict of interest in Mr. Toulouse acting as both counsel for Ms. Barber in the cause before the Probate Court and on appeal, and then appointing himself as counsel for the estate and charging the estate for his attorney's fees before the District of Columbia Court of Appeals." In this regard, appellant noted that a check for $46,156.28 seems to have been issued *by* Mr. Toulouse, as personal representative, *to* Mr. Toulouse, as counsel for the estate. Second, appellant repeated his claim that the attorney's fees were unsupported by accounting or documentation. Third, appellant alleged that a $15,000 balance of attorney's fees had been used as a method of balancing out the proposed distribution of estate assets.

Appellant's arguments specifically invoke §§ 20-751 and -752 and directly address the reasonableness factors outlined in § 20-753 (b) that the trial court must consider in its compensation review.[16] Specifically, appellant has addressed "the reasonable relationship of the compensation to the nature of the work performed," the correctness of "any estimate of such compensation provided to . . . the personal representative who is also counsel for the estate," and the lack of documentation to

---

[16] See *supra* note 13.

determine "the reasonableness of the time spent." D.C. Code § 20-753 (b) (1)-(3). Appellant's challenge to the lack of supporting documentation also encompasses the remaining two factors. *See* D.C. Code § 20-753 (b) (4)-(5) ("the nature and complexity of the matters involved and the difficulties encountered, and the results achieved" and "whether or not all relevant time limitations have been met (or the reasons for any delay)"). In addition, appellant presumably complied with the requirement of D.C. Code § 20-726 that he "mail a copy of the exception to the personal representative[,]" as the personal representatives filed responses to both objections.

Accordingly, we conclude that appellant's objections to the First Account and Final Account sufficiently preserved his challenge to compensation paid from the estate and we remand for the trial court to hold a hearing and review the propriety and reasonableness of this compensation under § 20-753. *See In re Estate of Murrell*, 878 A.2d 462, 463–64 (D.C. 2005) (remanding for a hearing after the trial court, upon a properly filed objection to an attorney's request for compensation, conducted no such hearing and "made no attempt to relate the compensation awarded to the factors enumerated in D.C. Code § 20-753 (b)").

### III.   Conclusion

Accordingly, we affirm the trial court's conclusion that appellant's right to challenge the proposed distribution of the estate was time barred, but we remand for the trial court to hold a hearing and consider the reasonableness of compensation paid from the estate pursuant to § 22-753.

*So ordered.*