*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 16-PR-485

IN RE VIVIAN N. BROWN;
ROSENAU LLP, APPELLANT

Appeal from the Superior Court
of the District of Columbia
(INT-480-14)

(Hon. Kaye K. Christian, Trial Judge)

(Submitted February 8, 2018                    Decided July 3, 2019)

*Emily Wheldon*, with whom *Patrick C. Horrell* was on the brief, for appellant.

Before EASTERLY and MCLEESE, *Associate Judges*, and NEBEKER, *Senior Judge*.

EASTERLY, *Associate Judge*: This is an appeal from the April 7, 2016, denial of Rosenau LLP's Consent Motion for Reconsideration and/or to Alter Judgment in relation to its petition for attorney's fees under Super. Ct. Prob. R. 308(a), (b)(1), and pursuant to D.C. Code §§ 21-2047, -2060 (2016 Supp.). Because we

conclude the trial court applied an erroneous legal standard in evaluating the firm's petition for fees, we reverse.

## I. Facts

Rosenau LLP represented Jennifer Brown, the daughter of Vivian N. Brown, in her successful attempt to be appointed her mother's guardian. In 2015, Rosenau LLP petitioned the court under Super. Ct. Prob. R. 308 and D.C. Code §§ 21-2047, -2060, for an interim award of fees from Vivian N. Brown's assets in the amount of $25,358.18. The firm attached timesheets listing its attorneys' entries of time worked on the case, including brief descriptions of the work and the rate at which that time was charged. This first petition was denied without prejudice by the trial court (the Hon. Natalia M. Combs Greene) after the estate's conservator responded, inter alia, that more than one Rosenau attorney was billing for some of the same work in the petition. The court noted that, in addition to double billing, some of the tasks in the firm's petition were bundled such that certain related and unrelated tasks were billed together (block or bundled billing).

The firm subsequently filed an amended petition in which it lowered the amount requested, corrected the double billing, and "earnest[ly] attempt[ed]" to

separate unrelated bundled tasks. The trial court (the Hon. Kaye K. Christian), however, denied payment of the full amount requested. The court ruled that each "fee petition billing entr[y] regarding meetings, telephone conferences, or other written correspondence" must list "the subject matter of the correspondence, the person with whom Petitioner is corresponding, and said person's relevance to the well[-]being of the ward." The court concluded that more than 70 entries were deficient on this basis. The court also ruled that "'block-billing,' 'aggregate' or 'blended' time claims [are] forbidden because time records lumping together multiple tasks[] make it impossible to evaluate their reasonableness" (internal quotation marks and alterations omitted). The court concluded that an additional 17 entries were deficient on this basis. In all, the court disallowed entries from the amended petition totaling $11,325.41 out of $22,412.95 in fees requested. The court then granted the remainder of the requested fees and costs without engaging in any additional analysis. The firm filed a consent motion for reconsideration, which the court denied. This appeal followed.

## II. Analysis

Persons who provide services in connection with a guardianship proceeding are entitled to compensation pursuant to D.C. Code § 21-2060(a), which "is

implemented by Super. Ct. Prob. R. 308." *In re Estate of Grealis*, 902 A.2d 821, 824 (D.C. 2006). Fee awards are not limited to attorneys; rather, any "visitor, attorney, examiner, conservator, special conservator, guardian ad litem, or guardian" is "entitled to compensation" for their services as approved by the court. D.C. Code § 21-2060(a). Obtaining fees from a ward's estate is a two-step process: The person seeking fees must file a petition setting forth "the character and summary of the service rendered" "in reasonable detail"; the trial court must then determine whether the fees requested are reasonable. Super. Ct. Prob. R. 308(a), (b)(1). We review the denial of attorney's fees under Rule 308 for abuse of discretion, *In re Estate of McDaniel*, 953 A.2d 1021, 1023–24 (D.C. 2008), and review the underlying legal principles de novo, *Grealis*, 902 A.3d at 824 n.5.

The trial court found that Rosenau LLP's fee petition failed to meet the threshold requirement of Rule 308(b)(1) in that it lacked the requisite detail and impermissibly relied on block billing. Although it may be prudent for individuals seeking compensation under Rule 308 to set forth tasks in as much detail as possible, we see no requirement under our probate statute, our probate rules, or our case law that compelled the court to deny fees for the reasons it provided. Rule 308 asks for a "reasonabl[y] detail[ed]" petition to aid the trial court's ultimate assessment: whether the fees requested by attorneys and other individuals who

perform work for the estate are reasonable. *Cf. Tenants of 710 Jefferson St., NW v. District of Columbia Rental Housing Comm'n*, 123 A.3d 170, 186–87 (D.C. 2015) ("[T]he application must be sufficiently detailed to permit the [court or agency] to make an independent determination whether or not the hours claimed are justified. . . . It is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." (internal citation and quotation marks omitted)).  Although the trial court properly rejected some billing entries that vaguely listed tasks without reference to either a person or a subject (e.g., "emails" and "emails in"), many of the timesheet entries the trial court disallowed for lack of specificity—for example, phone calls or emails to the client or opposing counsel—do not strike us as insufficient in the context of the record as a whole.[1]  Likewise, Rule 308 does not plainly prohibit all "bundling," and we have never interpreted it to convey such a prohibition.[2]  We see no reason to impose such a prohibition now, so long as the

---

[1]  In this respect, we note the appellant's argument to the trial court that demanding greater specificity could implicate client confidentiality concerns.

[2]  As support for this prohibition, the trial court cited to cases from the D.C. Circuit that applied heightened standards to attorney's fee applications.  While these cases are persuasive authority in this court, they are inapposite here.  To assess the sufficiency of the specificity of the billing entries, the court relied on *In re Meese*, 907 F.2d 1192, 1204 (D.C. Cir. 1990), a case based on a request for counsel fees incurred in defending against the investigation of an independent prosecutor.  There, the D.C. Circuit—relying on a federal statute, 28 U.S.C. § 593(f) (1987), that only permitted awarding of fees related to services "rendered

description of bundled tasks is sufficiently detailed to permit a court to assess the reasonableness of the time billed.[3] We agree, however, that entries bundling time so vaguely as to make a reasonableness determination impossible may be appropriately disallowed. *Cf. Hampton Courts Tenants Ass'n v. District of Columbia Rental Housing Comm'n*, 599 A.2d 1113, 1117 & n.12 (D.C. 1991) (noting the agency found "the dearth of detail disturbing" where counsel "claimed 40 hours of compensation for 'Research for Appellant's Brief of Motion for Summary Reversal,' without any more elaboration or description, and was simply dated 'February 21–17 [sic]'").

---

in asserting the merits of the subject's defense against the criminal charges being investigated"—applied a heightened standard to a petition. *Id.* at 1203 (internal quotation marks omitted). To assess bundling, the trial court relied on *Role Models Am., Inc., v. Brownlee*, 353 F.3d 962 (D.C. Cir. 2004). In *Role Models*, the D.C. Circuit determined that attorneys' fees due a major law firm from the federal government under 28 U.S.C. § 2412 (1998) would be reduced in a "garden-variety" case where lawyers, inter alia, bundled different tasks spanning 10 hours or more and bundled time spent performing unrelated tasks, including a bankruptcy matter. *Id.* at 969, 971.

[3] Thus, for example, we are hard-pressed to see any deficiency in the six-hour entry bundling billing for one attorney's tasks of commuting to court, discussing "exhibits, trial strategy[,] and questions for direct/cross," waiting for the case to be called and passed, negotiating with opposing counsel, meeting with the client regarding those negotiations, and talking more with the client after court adjourned. We note that in its order declining to award fees for this time, the trial court failed to quote the final sentence of the entry referencing the settlement and client discussions.

Because the trial court appeared to employ an incorrect standard for assessing whether the fee petition provided adequate information within the meaning of Rule 308, we conclude that remand is required to permit it to reassess the $11,325.41 in disallowed fees. *See McDaniel*, 953 A.2d at 1023–24 (citing *Johnson v. United States*, 398 A.2d 354, 363 (D.C. 1979)).

Of course specificity of the information in a petition is only a threshold requirement for obtaining fees under the Rule; payment of the specifically identified fees does not automatically follow. A trial court reviewing a fee petition must take the additional step of ensuring that the fees themselves are reasonable. *See McDaniel*, 953 A.2d at 1024–25. To assess the reasonableness of attorney's fees requested, the court should consider the "(1) time, labor, and skill to perform the legal services; (2) fee customarily charged in the area for similar services; (3) attorneys' experience and ability; and (4) limitations imposed by the client." *Id*. at 1024–25.[4] Using this analysis on remand, the trial court may decide whether the rates the attorneys charged for the contested amount of work billed in this matter

---

[4] Rule 308 requires a petition state "the basis of any hourly rate(s) of compensation," which should be sufficient to inform the trial court's assessment of whether the fees are in line with those "customarily charged in the area for similar services," *McDaniel*, 953 A.2d at 1024–25. In determining reasonable fees, customary charges are not those a particular attorney usually charges, but rather customary "as measured by prevailing market rates in the relevant community for attorneys of similar experience and skill." *Hampton Courts Tenants Ass'n*, 599 A.2d at 1115 n.7.

are reasonable under the circumstances. Additionally, it may consider whether certain tasks are non-legal, more appropriately billed at a paralegal rate, or excluded altogether.[5] Although the trial court did not take this next analytic step as to the $11,087.54 in fees it determined satisfied the threshold requirements of Rule 308, the ward's estate has not challenged that fee award, so we do not question it.

For the reasons set forth above, we reverse and remand for further proceedings consistent with this opinion.

*So ordered.*

---

[5] Attorney billing for paralegal tasks is generally permitted so long as such tasks are billed at an appropriate rate. *See Vining v. District of Columbia*, 198 A.3d 738, 754 n.20 (D.C. 2018) ("In general, a reasonable attorney fee includes compensation for the hours billed by paralegals, legal assistants, or law clerks at their market rates[.]" (internal citations and quotation marks omitted)); *see also Missouri v. Jenkins*, 491 U.S. 274, 285–90 (1989). But tasks such as "organizing folders, document preparation, copying, and updating a case list" are more appropriately considered clerical, not paralegal, tasks and are thus not compensable as attorney's fees. *See Vining*, 198 A.3d at 754 n.20 (internal citations and quotation marks omitted).